(December 24, 1921.)

SAM FRANK, Respondent, v. T. M. DAVIS, Appellant.

[203 Pac. 287.]

PLEADING AND PRACTICE—LIMITATION OF ACTIONS—FRAUD AND DECEIT.

1. An allegation that "this cross-plaintiff did not discover the
falsity of the representations so made by the cross-defendant until
some time in April, 1915, . . . . is not an allegation of the dis-
covery of facts constituting fraud within the meaning of the
provisions of C. S., sec. 6611.

2. The statute of limitations does not apply to pure defenses,
but is applicable only where affirmative relief is sought.

3. Allegations of fraud in a pleading to be sufficient must set
forth the facts constituting the fraud with reasonable certainty.

4. A defense to a promissory note of want of consideration be-
cause of fraudulent representations of the payee in regard to the
transactions in which the note was given is insufficient unless it
appears that the maker of the note was damaged by reason of the
fraud.

APPEAL from the District Court of the Tenth Judicial
District, for Nez Perce County. Hon. Wallace N. Scales,
Judge.

Action on promissory note. Judgment for plaintiff. *Affirmed.*

F. H. Rehberg and Fred E. Butler, for Appellant.

The statute which provides that an action for relief against fraud must be commenced within a certain period does not apply where the fraud is set up merely by way of defense and not as a ground for affirmative relief. (25 Cyc. 1194; Wood on Limitations, art. 284, subd. 2; *Evans v. Duke,* 6 Cal. Unrep. 973, 69 Pac. 688; *Thomas v. Rauer,* 62 Kan. 568, 64 Pac. 80; *Brown v. Cloud County Bank,* 2 Kan. App. 352, 42 Pac. 593; *Robinson v. Glass,* 94 Ind. 211.)

Where a complaint states any cause of action that will put defendant on his defense it is not subject to demurrer. (*Village of Sandpoint v. Doyle,* 11 Ida. 642, 83 Pac. 598, 4 L. R. A., N. S., 810.)

Miles S. Johnson, for Respondent.

In pleading mistake, fraud or concealment to show that the cause of action did not accrue until the discovery thereof, it is necessary to allege facts and not mere conclusions of law. (25 Cyc. 1418; *Wood v. Carpenter,* 101 U. S. 135, 25 L. ed. 807.)

The alleged defense is barred by the statute of limitations. (*Williams v. Shrope,* 30 Ida. 746, 168 Pac. 162.)

RICE, C. J.—This is an action on a promissory note. Appellant answered admitting the execution of the note but denying that any sum was due thereon. Appellant also alleged that he had received no consideration for the note in that it was obtained by respondent through his fraudulent representations. The allegations with reference to the fraudulent representations of respondent are in substance the following: That on or about June 29, 1914, respondent was the owner of a certain tract of land, describing it, and represented to appellant that the land contained approximately sixty acres under cultivation and requested appellant

to go and make examination of said land, giving appellant specific instructions as to the location of said land from known and visible monuments; that appellant made a personal examination of the land so described by respondent and found that the tract of land referred to by him contained approximately sixty acres of land under cultivation; that thereupon appellant and respondent concluded the transaction and appellant agreed to pay to respondent the sum of $4,000; that as a part of the purchase price of said tract of land appellant delivered to respondent the promissory note referred to in the complaint. Appellant further alleged that the representations made to him by respondent concerning the tract to be sold were false, fraudulent and untrue and were known to respondent at the time to be false and untrue, and that appellant relied upon such statements and believed that respondent was conveying to him the tract of land so examined; that the tract of land actually conveyed to appellant was inferior in quality, containing a small growth of timber and had no tillable land under cultivation at all and worth less by an amount exceeding $800 than the tract of land contracted for by him.

At the same time appellant filed a cross-complaint, asking for the cancelation of the note and the recovery of the amount previously paid to respondent. Respondent demurred to the answer and to the cross-complaint, upon the grounds, first, that the matter set forth in the defense and in the cross-complaint was not sufficient to constitute a defense or cause of action; and second, that both the defense and the cross-complaint were barred by the statute of limitations. The cross-complaint contains the following allegation: "That this cross-plaintiff did not discover the falsity of the representations so made by the cross-defendant until some time in April, 1915, . . . . " Manifestly, this is not an allegation of the discovery of the facts constituting the fraud so as to remove the bar of the statute, and the demurrer to the cross-complaint was properly sustained on the ground that the cause of action therein alleged was barred

by the statute of limitations. (*Stout v. Cunningham*, 33 Ida. 464, 196 Pac. 208; *Wood v. Carpenter*, 101 U. S. 135, 25 L. ed. 807; *Lady Washington Con. Co. v. Wood*, 113 Cal. 482, 45 Pac. 809. See, also, *Williams v. Shrope*, 30 Ida. 746, 168 Pac. 162.)

So far as the demurrer to the defensive matter contained in the answer is concerned, we think the statute of limitations cannot be pleaded against such matter. The statute of limitations does not apply to defenses, but only where affirmative relief is sought. (25 Cyc. 1194; 17 R. C. L. 745; *Louisville Bank Co. v. Buchanan*, 117 Ky. 975, 4 Ann. Cas. 929, 80 S. W. 193; *Sebree v. Patterson*, 92 Mo. 451, 5 S. W. 31; *Buck v. Equitable Life Assur. Soc.*, 96 Wash. 683, 165 Pac. 878; *Wyatt v. Collins*, 105 Kan. 182, 180 Pac. 789, 992; *Mason v. Peterson* (Tex. Civ.), 232 S. W. 567.)

This principle was referred to by Justice Budge in his dissenting opinion in the case of *Wonnacott v. Kootenai County*, 32 Ida. 342, at page 351, 182 Pac. 353. Respondent relies upon the case of *Williams v. Shrope, supra*. In that case, as in this, there was both an answer and a cross-complaint. From the opinion it would seem that it was held that the demurrer was properly sustained to the answer, as well as to the cross-complaint. If such was the holding in that case we are not in accord with it, to the extent that it holds that the statute of limitations may be pleaded against matter purely defensive.

In the case at bar, however, the facts set forth in the answer were not sufficient to constitute a defense and the demurrer was properly sustained. It may be that there was an attempt to allege that respondent, in order to effect a sale of land, fraudulently induced appellant to examine a tract of land other and different from the one which was afterwards conveyed to him, but certainly the allegations of the answer fall far short of so stating. The answer also fails to show injury to appellant. The answer states that the land actually conveyed to appellant was worth less by an amount exceeding $800 than the tract of land contracted

for, but there is no allegation that the land conveyed was not reasonably worth as much as, or more than, appellant paid for it.

The judgment is affirmed, with costs to respondent.

Budge, Dunn and Lee, JJ., concur.

McCarthy, J., concurs in the conclusion reached.