(No. 4833. July 14, 1927.)

A. K. CARLSON, Appellant, v. A. D. OZMUN, Respondent.

[258 Pac. 1078.]

LIMITATION OF ACTIONS — BREACH OF WARRANTY—COUNTERCLAIM FOR DAMAGES—BAR TO RECOVERY—APPEAL AND ERROR—NO REVERSAL REQUIRED IN OVERRULING DEMURRER—LACK OF EVIDENCE IN RECORD —INSTRUCTIONS.

1. Under C. S., sec. 6611, subd. 4, counterclaim in action on note for damages for loss of profits resulting from breach of warranty was barred, where alleged fraud as set out in counterclaim was discovered and known for more than three years before filing counterclaim.

2. Overruling demurrer to counterclaim in action on note, though barred by C. S., sec. 6611, subd. 4, *held* not to require reversal, where it was apparent from verdict that jury determined that consideration for note was paid, thus reaching the same result and having the same effect as if cause of action set forth in counterclaim had been disposed of on demurrer.

3. Where evidence is not in record, instructions given should be regarded as pertinent to case made, unless clearly erroneous under any supposed state of facts.

Publisher's Note.

1. See 17 R. C. L. 741, 746.
2. See 2 R. C. L. 138.

See Appeal and Error, 4 C. J., sec. 2342, p. 545, n. 57; sec. 2909, p. 936, n. 79 New.
Limitation of Actions, 37 C. J., sec. 150, p. 806, n. 77.

APPEAL from the District Court of the Second Judicial District, for Latah County. Hon. Edgar C. Steele, Judge.

Action on promissory note. Judgment for defendant. *Affirmed.*

Guy W. Wolfe and James H. Forney, for Appellant.

The demurrer should have been sustained to the cross-complaint and counterclaim demanded by the defendant and respondent in the sum of $800. In such an action it must appear that the party demanding such relief is not guilty of laches. In such a case the defendant and respondent must have acted promptly and without delay. Statute of limitations does not apply to defensive matter, but only where affirmative relief is sought. Under C. S., sec. 6611, subd. 4, knowledge of such facts as would put a reasonably prudent person upon inquiry is equivalent to knowledge of fraud and will start commencement of statute. (*Williams v. Shrope,* 30 Ida. 746, 168 Pac. 162, and cases cited; *Frank v. Davis,* 34 Ida. 678, 203 Pac. 287; 29 Cyc. 114; *Lady Washington C. Co. v. Wood,* 113 Cal. 482, 45 Pac. 809.)

An action for relief on ground of fraud must be commenced within three years from the discovery of the fraud, or three years after the commission of the fraud. An independent action cannot be maintained on account of the statute unless commenced within three years from the discovery of the fraud. (C. S., secs. 6611–6644.)

A. H. Oversmith, for Respondent.

A counterclaim is defined as follows: "A cause of action arising out of the transaction set forth in the complaint as the foundation of the plaintiff's claim, or connected with the subject of action." (Sec. 438, Kerr's Cal. Code; *Hunter v. Porter,* 10 Ida. 72, 77 Pac. 434; *Stevens v. Home Savings & Loan Assn.,* 5 Ida. 741, 51 Pac. 779, 986.)

The matter set forth in respondent's separate answer and cross-complaint, having arisen out of the transaction set

forth in the complaint, constituted a proper counterclaim and is not barred by the statute of limitations. (*McDougald v. Hulet*, 132 Cal. 154, 64 Pac. 278; *Perkins v. West Coast Lumber Co.*, 120 Cal. 27, 52 Pac. 118; *Stauffer v. Campbell*, 30 Okl. 76, 118 Pac. 391.)

When an action is instituted to enforce a contract, the statute of limitations does not bar the defense that the contract was obtained by fraud until the cause of action on the contract itself is barred by the statute. This is true where the defense is pleaded as a recoupment of damages and where fraud is pleaded as a defense to recovery on a fraudulent contract. (24 R. C. L. 837; *Caples v. Morgan*, 81 Or. 692, 160 Pac. 1154, L. R. A. 1917B, 760; *Williams v. Neely*, 134 Fed. 1, 67 C. C. A. 171, 69 L. R. A. 232.)

The burden is upon appellant to show error affecting the judgment of the trial court (*Boise Valley Traction Co. v. Ada County*, 38 Ida. 350, 222 Pac. 1035.)

BUDGE, J.—Appellant brought this action to recover upon a promissory note, executed and delivered by respondent to appellant's assignor, representing the purchase price of certain machinery. Respondent answered the complaint, admitting the execution of the note but denying that there was anything due thereon or that anything had been paid thereon; and as a further and separate answer, setting forth, among other things, that the consideration for the note was a Case tractor and baler; that appellant's assignor warranted the tractor to be as good as new, but that it was worthless for any purpose except junk, all of which was known to appellant's assignor; and that there was an entire failure of consideration for the note. In a second further and separate answer to the complaint, respondent referred to all of the allegations contained in his first separate answer, making the same a part of his second separate answer, and alleged therein that he had been damaged in the sum of $800 on account of loss of profits by reason of the fact that the machinery did not come up to the warranties made by

appellant's assignor; and prayed for judgment against appellant in the sum of $800.

Appellant demurred to the further and separate answers, raising the bar of the statute of limitations thereto. The demurrer being overruled, the cause was thereafter tried to the court and a jury, and verdict was rendered for respondent. This appeal is from the judgment.

It is first contended by appellant that the trial court erred in overruling the demurrer to respondent's counterclaim, upon the ground that the same was barred by the statute of limitations, since it appears from respondent's answer that the facts concerning the alleged fraud as set out in the counterclaim were discovered and known by respondent for a period of over three years before the counterclaim was filed.

[1] C. S., sec. 6611, subd. 4, the three-year statute of limitations to actions based on fraud does not apply to fraud relied upon purely as a defense where no affirmative relief is sought, but it does apply to counterclaims or cross-complaints seeking affirmative relief, and we think the counterclaim of respondent herein subject to the objection urged against it. (*Frank v. Davis*, 34 Ida. 678, 203 Pac. 287; *Fruit v. Fancher*, 137 Wash. 311, 242 Pac. 11; *Caples v. Morgan*, 81 Or. 692, 160 Pac. 1154, L. R. A. 1917B, 760; *McColgan v. Muirland*, 2 Cal. App. 6, 82 Pac. 1113.) [2] But we are not convinced that the overruling of the demurrer to the counterclaim resulted in any substantial prejudice to appellant's rights. It is not here contended by appellant that the statute of limitations applies to the mere defense of fraud as interposed by respondent, and a reference to the instructions of the court shows that the court advised the jury that if it found that there was nothing due to appellant from respondent by reason of the failure of consideration for the note, and likewise found that nothing was due respondent on his counterclaim, the form of the verdict should be, "We, the jury, find in favor of the defendant." That was the verdict returned, and it becomes apparent that the jury determined, first, that the considera-

tion for the note had failed; and, second, that respondent was not entitled to recover anything from appellant on his counterclaim,—thus reaching the same result and having the same effect as if the cause of action as set forth in respondent's counterclaim had been disposed of on demurrer. Appellant's contention that the verdict is indefinite or irregular is thus without merit, in the light of the record.

[3] Appellant also assigns as error the giving by the court of certain instructions, upon the ground that they are contrary to law and not based on the facts in the case. The record does not contain a transcript of the evidence, and we are therefore not in a position to say whether or not the instructions are based on the facts. The general rule would seem to be to the effect that:

"If the evidence be not in the record, instructions given will be regarded as pertinent to the case made, unless clearly erroneous under any supposed state of facts." (*Newman v. Oregon Short Line R. R. Co.*, 34 Ida. 417, 201 Pac. 710.)

The instructions complained of appear to be pertinent to the case, and not clearly erroneous, within the rule above stated.

From what has been said it follows that the judgment of the trial court must be affirmed, and it is so ordered. Costs to respondent.

Givens and T. Bailey Lee, JJ., concur.

Wm. E. Lee, C. J., deeming himself disqualified, did not sit at the hearing of this case and took no part in the decision.

Petition for rehearing denied.