(No. 4653.  October 22, 1927.)

JOHN W. MORTON, Appellant, v. J. B. WHITSON and J. D. WHITSON, Copartners, Doing Business Under the Firm Name and Style of WHITSON BROTHERS, Respondents.

[260 Pac. 426.]

SALES — LIMITATION OF ACTIONS — NO APPLICATION TO DEFENSES — PLEADING—PRAYER OF RELIEF—EVIDENCE—RESCISSION AND BREACH OF WARRANTY—APPEAL AND ERROR—RULE ON CONFLICTING EVIDENCE—TRIAL—INSTRUCTIONS.

1.  The statute of limitations is inapplicable to defenses.

2.  Matter expressly pleaded by answer as affirmative defense cannot be made a counterclaim by the prayer of the answer; the prayer of a pleading being no part of the cause of action or defense stated therein, and not vitiating or changing the character of the pleading.

3.  Evidence in action on a note, given with an automobile in payment of a truck, *held* sufficient to establish a rescission of the contract, as well as a breach of warranty of truck.

4.  Where there is sufficient evidence, if uncontradicted, to sustain a verdict, it will not be disturbed on appeal because of conflict in the evidence.

5.  Error in giving instructions as to counterclaim was harmless where another instruction limited rights from defendant's rescission of the contract of sale to defense of plaintiff's action, and there was no affirmative verdict for defendant.

APPEAL from the District Court of the Third Judicial District, for Elmore County. Hon. Raymond L. Givens, Judge.

Publisher's Note.
    4.  See 2 R. C. L., Appeal, sec. 167.

    See Appeal and Error, 4 C. J., sec. 2836, p. 858, n. 3.
    Limitations of Actions, 37 C. J., sec. 148, p. 803, n. 55.
    Pleading, 31 Cyc., p. 110, n. 97, p. 225, n. 71.
    Sales, 35 Cyc., p. 465, n. 92, p. 573, n. 76.
    Trial, 38 Cyc., p. 1779, n. 75, 76.

Suit to recover on promissory note. Judgment for defendants. *Affirmed.*

R. W. Beckwith, for Appellant.

A counterclaim is not a defense to an action. (34 Cyc. 644; *Equitable Life Assur. Soc. v. Cuyler,* 75 N. Y. 511; *Stowell v. Eldred,* 39 Wis. 614.)

If the same facts constitute both a defense and a counterclaim defendant may use them as either or he may separately plead them as both, in which case he cannot be compelled to elect upon which he will rely, but the same portion of a single pleading cannot constitute both a defense and a counterclaim. (31 Cyc. 153, 225; *Harrison v. McCormick,* 2 Cal. Unrep. 612, 9 Pac. 114; *Meyendorf v. Frohner,* 3 Mont. 282, 5 Morr. Min. Rep. 559.)

The statute of limitations runs against counterclaims. (34 Cyc. 670; *Frank v. Davis,* 34 Ida. 678, 203 Pac. 287; *Wonnacott v. Kootenai Co.,* 32 Ida. 342, 182 Pac. 353; *Williams v. Shrope,* 30 Ida. 746, 168 Pac. 162; *Toby v. Allen,* 3 Kan. 399.)

The answer separate from the counterclaim does not state facts sufficient to constitute a defense to the action, (a) in that the execution and delivery of the note sued upon are admitted, as no reason is set up or shown why payment of the note is not due and owing. (*Lindsay v. Wyatt,* 1 Ida. 738; C. S., sec. 6694, as amended by chap. 10 of the 1925 Sess. Laws; 31 Cyc. 278.)

A new trial is proper where the verdict is contrary to the evidence or the weight of evidence. (*Martin v. Martin,* 113 Cal. 479, 45 Pac. 813; *Central Trust Co. v. Stoddard,* 4 Cal. App. 647, 88 Pac. 806.)

A new trial is proper where the verdict is contrary to the law governing the case and the verdict must be set aside. (29 Cyc. 818–829; C. S., sec. 6862; *Emerson v. Santa Clara County,* 40 Cal. 543; *Martin v. Matfield,* 49 Cal. 42; *Speck v. Hoyt,* 3 Cal. 413; *Hart v. Weber,* 57 Neb. 442, 77 N. W. 1085.)

The trial court may and should grant a new trial regardless of the existence of a conflict in the evidence, if he concludes that the verdict of the jury is improper or that there is a miscarriage of justice. (*Jones v. Campbell*, 11 Ida. 752, 84 Pac. 510; *Watt v. Stanfield*, 36 Ida. 366, 210 Pac. 998; *Short v. Boise Valley Traction Co.*, 38 Ida. 593, 225 Pac. 398.)

Richards & Haga, for Respondents.

The prayer of a pleading is no part of the statement of the cause of action or of the defense, and a prayer for improper relief or for relief not justified will not vitiate a pleading otherwise sufficient or will not change the character of the pleading, and an answer will not be considered as a cross-complaint or counterclaim because of a prayer for affirmative relief. (31 Cyc. 110; *Idaho Irr. Co. v. Dill*, 25 Ida. 711, 717, 139 Pac. 714; *Mark v. Murphy*, 76 Ind. 534; *Board of Commrs. v. Cutler*, 7 Ind. 6; *Seyberth v. American Commander Mining & Milling Co.*, 42 Ida. 254, 270, 245 Pac. 392; *Brannan v. Paty*, 58 Cal. 330; *Carpenter v. Hewel*, 67 Cal. 589, 8 Pac. 314; *Shain v. Belvin*, 79 Cal. 262, 21 Pac. 747; *Bancroft v. Atyeo*, 22 Kan. 32; *Richards v. Littell*, 16 Misc. Rep. 339, 38 N. Y. Supp. 73, 75.)

The statute of limitations does not apply to defenses. (17 R. C. L. 112; *Frank v. Davis*, 34 Ida. 678, 681, 203 Pac. 287; *State v. Tanner*, 45 Wash. 348, 88 Pac. 321; *Morrow v. Hanson*, 9 Ga. 398, 54 Am. Dec. 347; *Williams v. Neeley*, 134 Fed. 1, 67 C. C. A. 171, 69 L. R. A. 232; *Buck v. Equitable Life Assur. Society*, 96 Wash. 683, 165 Pac. 878.)

A matter of defense which arises out of and is a part of the same transaction upon which the original action is founded is neither counterclaim, cross-complaint nor set-off. (Waterman on Set-off, Recoupment and Counterclaim, p. 4; *Krausse v. Greenfield*, 61 Or. 502, Ann. Cas. 1914B, 115, 123 Pac. 392, 394; *Sawyer v. Van Deren*, 74 N. J. L. 673, 66 Atl. 396; *Hastorf v. Degnon-McLean Contracting Co.*, 128 Fed. 982; *Williams v. Neeley*, 134 Fed. 1, 67 C. C. A. 171, 69 L. R. A. 878.)

Instructions must be taken as an entirety and even though an isolated or detached clause is in itself inaccurate or incomplete, if taken together they properly express the law applicable to the case, it will be assumed the jury gave due consideration to all of the instructions rather than to an isolated part.    (14 R. C. L. 817; *Tarr v. Oregon Short Line R. R. Co.,* 14 Ida. 192, 207, 125 Am. St. 151, 93 Pac. 957.)

The appellate court will not disturb the verdict of the jury or the judgment of the trial court because of a conflict in evidence where there is sufficient proof, if uncontradicted, to sustain such judgment or verdict. (*Ross v. Kerr,* 30 Ida. 492, 167 Pac. 654; *Fleming v. Benson,* 32 Ida. 103, 178 Pac. 482; *Neil v. Hyde,* 32 Ida. 576, 186 Pac. 710; *Fritcher v. Kelley,* 34 Ida. 471, 201 Pac. 1037; *Singh v. McKee,* 38 Ida. 656, 225 Pac. 400; *Walling v. McMillan Sheep Co.,* 40 Ida. 513, 234 Pac. 152.)

Where the trial court has refused to grant a new trial it is to be assumed that the trial court was of the opinion that the verdict of the jury was proper and that justice had been done. (*Short v. Boise Valley Traction Co.,* 38 Ida. 593, 601, 225 Pac. 398.)

BABCOCK, Commissioner. — Plaintiff, appellant here, brought this action to recover upon a promissory note for the sum of $800, dated June 1, 1919, executed and delivered by defendants, respondents here, to the appellant, consideration of the note being part of the purchase price of a truck. A demurrer to the original complaint was sustained and an amended complaint was filed. Defendants' answer to the amended complaint admitted the execution and delivery of the note, but denied that there was anything due thereon, and set up as an affirmative defense that the defendants purchased of plaintiff the truck in question at a price of $2,000 and delivered to the plaintiff one Buick touring car, valued at $1,200, and the note sued on in this action in payment thereof; that the plaintiff guaranteed and warranted the truck to be in good working order, properly constructed, free from all defects, and capable of performing the work

for which defendants desired it; that the truck when delivered by plaintiff to defendants was not as guaranteed and warranted by plaintiff; that said truck was wholly unsatisfactory to defendants; that it was defectively constructed and not in working order and was not capable of doing the ordinary work required of it by defendants; that after numerous efforts on the part of defendants to use the truck for their ordinary work, which consisted of hauling supplies to the sheep camps, and finding said truck to be defectively constructed and wholly unsatisfactory and incapable of doing said work, the defendants, in the month of June, 1919, rescinded their contract of purchase and returned the truck to plaintiff; that plaintiff accepted and received the truck, and that defendants then and there demanded of plaintiff the return of the note sued on in this action. It is further alleged that by reason of the acceptance of the truck by plaintiff, and by reason of the fact that the truck was not as guaranteed and warranted by plaintiff, and by reason of the rescission of the contract of purchase of the same and the return of the said truck to the plaintiff, defendants are entitled to the return of the touring car, and the return and cancellation of the note. In their prayer for relief, defendants ask that the plaintiff take nothing by his amended complaint; that they have judgment against him for the return of the promissory note; that the court by its judgment order the return of the said note and that the same be canceled; and also ask judgment against the plaintiff for the return of the Buick car, and, if the same cannot be returned, for the value thereof.

Plaintiff demurred to the answer of the defendants on the grounds that the same did not constitute a defense to the action, and raised the bar of the statute of limitations. The demurrer being overruled the cause was thereafter tried to the court and jury, and verdict returned for the defendants. Plaintiff moved for a new trial which motion was denied. This appeal is from the judgment and the order denying the motion for a new trial.

[1, 2]    The principal contentions of the appellant are that the court erred in overruling the demurrer to the answer and that the evidence does not establish a rescission of the contract in question.

Considering the first of these contentions, the position of appellant is that the first five paragraphs of the answer do not set up a defense to the complaint; that the only denial of the allegations of the complaint is that there is nothing due and owing on the note, and that the affirmative defense as pleaded amounts to a set-off or counterclaim, and, as such, is barred by the statute of limitations.

The ruling of the trial court in passing upon the demurrer reads as follows:

"The principal point raised by the demurrer is on whether or not the defense set forth is barred by the statute of limitation. As a defense, I do not believe it is, and to that extent the demurrer is denied and overruled."

It is not disputed that as a set-off or counterclaim, the statute would be a bar; on the other hand, it seems to be conceded that as a matter of defense the statute of limitations would have no application, at least that appears to be the uniform holding.

"The general rule is that the statutes of limitation are not applicable to defenses. . . . . And where the defendant in an action on a note pleads total failure of consideration, and alleges a parol warranty of property for which the note was given, the plaintiff cannot avoid the defense by insisting on the statute of limitations." (17 R. C. L. 745, sec. 112.)

The answer, after admitting the execution and delivery of the note, reads as follows: "Further answering the plaintiff's amended complaint and as an affirmative defense thereto, these defendants allege as follows: . . . . " The prayer for relief, however, in addition to asking for judgment that plaintiff take nothing by his complaint and that the note be returned and canceled, does ask judgment for the return of the touring car, and, if the same cannot be returned, for the value thereof. But this fact would not constitute such affirmative matter a counterclaim, as the prayer

45 Idaho—3

for relief to any pleading is no part of the cause of action or defense stated in the pleading, and in no sense vitiates or changes the character of the pleading. (31 Cyc. 110.)

By the ruling of the court on the demurrer the matters contained in the affirmative defense of defendants' answer were limited strictly to the defense of the action. There was no error in the ruling of the court on the demurrer. There was no request made by appellant, that the respondents be required to separately state their several defenses and no objection was raised by demurrer, and the record shows that upon the trial such matters were treated and considered as purely defensive and not as constituting a counterclaim.

[3] Considering appellant's second contention: that the evidence is wholly insufficient to establish a rescission of the contract in the case.

While it is true that there is a conflict in the evidence in regard to this matter, the testimony shows that from the time respondents got the truck in January, 1919, until they returned it to appellant in June of that year, they had continual trouble with it and had to take it to appellant's garage for repairs as many as a dozen times; that all during this time appellant was trying to remedy the difficulties but did not succeed; that after the truck was returned and appellant notified of respondents' rescission it was only taken out by respondents at appellant's request to try it again; that it did not work satisfactorily and was finally returned to appellant in the fall; that three mechanics worked on it at different times during the time respondents were trying to use it; that the entire differential was broken and destroyed; that the clutch was never made to operate satisfactorily; and that the carburetor and other parts had to be replaced.

It would seem that these matters complained of amount to more than minor defects. It also appears from the record that on the return of the truck respondents demanded of appellant the return of the Buick touring car and the note in question. [4] We find that there is sufficient evidence to establish the elements necessary to constitute a rescission

of the contract, as well as a breach of warranty, and sufficient evidence to sustain the verdict of the jury under the rules stated by this court in *Ross v. Kerr,* 30 Ida. 492, 167 Pac. 654:

"An appellate court will not disturb the verdict of the jury or the judgment of a trial court because of conflict in the evidence when there is sufficient proof, if uncontradicted, to sustain it."

[5]   The appellant also complains of certain instructions given by the court. In the first instruction complained of, the court, in defining the issues in the case as raised by the pleadings, after stating the allegations of the affirmative defense of respondents in their answer, concludes with a statement of the prayer, which reads as follows:

"Wherefore, defendants pray for judgment for $1200 and interest thereon at 7% per annum from June, 1919, and the return or cancellation of said note, and costs."

The second instruction complained of by appellant reads as follows:

"A purchaser may counterclaim in a suit for the purchase price of an article sold for defects in the article sold whereby it does not comply with the warranties or guaranties made at the time of the sale."

And the other instruction complained of reads:

"The defendants plead an affirmative defense to plaintiff's action, that they gave the plaintiff the note sued upon in this action and a Buick touring car at the agreed price of $1200 in exchange for said Nash truck. The defendants plead that they have demanded back from plaintiff their Buick touring car or the agreed price thereof, to-wit: $1200, and they pray that they may recover the agreed price of said Buick touring car from the plaintiff; you are instructed that defendants cannot recover anything from plaintiff on account of the agreed price of said Buick touring car by reason of the fact that this cause of action which defendants might have against the plaintiff is barred by the statute of limitations, but if you find that the facts are as alleged in defendants' affirmative defense, the claim of defendants against

plaintiff for the sum of $1200, the agreed price of said Buick touring car, is available to defendants as a defense to the action of the plaintiff and in the event you find that the facts are as alleged by the defendants in their affirmative defense you will find for the defendants and against the plaintiff.''

The latter part of the first instruction as quoted should not have been given as the ruling of the court upon appellant's demurrer to the answer eliminated all question of counterclaim and set-off. Neither should the court have given the other instruction quoted as to counterclaim. But these instructions, when read in connection with and as qualified by the last instruction quoted, certainly informed the jury that they should only consider the matters therein referred to so far as they might be in defense to plaintiff's action, and that no affirmative verdict should be given defendants. And no affirmative verdict was returned for defendants. Appellant could not have been prejudiced by these instructions.

We are of the opinion that the judgment should be affirmed and the order denying the motion for a new trial should be sustained, and so recommend with costs to respondents.

Featherstone and Adair, CC., concur.

The foregoing is hereby approved as the opinion of the court. The judgment is affirmed and the order denying the motion for a new trial is sustained. Costs to respondents.

Wm. E. Lee, C. J., and Taylor and T. Bailey Lee, JJ., concur.

Budge, J., did not participate in the decision.

Givens, J., disqualified.