(No. 5075. July 31, 1928.)

RALPH C. ZIMMERMAN, Respondent, v. EDWARD DAHLBERG and LILLIAN DAHLBERG, His Wife, Appellants, and CAROLINE H. WILL and FLORA A. WILL, Respondents.

[269 Pac. 991.]

584

Ezra R. Whitla and Roger G. Wearne, for Appellants.

Lynn W. Culp and W. B. McFarland, for Respondents.

WM. E. LEE, C. J.—Respondents, Will sisters, on the twenty-ninth day of April, 1921, conveyed certain real property to appellants and took in part payment therefor the promissory note of appellants, the payment of which was secured by a mortgage on the identical property. Suit to foreclose the mortgage was instituted by respondent

Zimmerman, a nephew of the Will sisters, to whom the note and mortgage were assigned.

Prior to the conveyance to appellant, Will sisters had conveyed a portion of the identical property to one Wiks, who then went into and has since retained possession, and prior to the conveyance to appellant Will sisters had conveyed to Washington Water Power Company, by deed, an easement to maintain the waters of Lake Coeur d'Alene at a certain level, which had the effect of rendering a portion of the lands unfit for cultivation. After appellants went into possession of the property not theretofore conveyed they discovered the prior conveyance to Wiks and the power company and demanded an adjustment of the indebtedness represented by the purchase money note and mortgage. Will sisters claimed that, when they made the deed to appellants, they overlooked the fact that they had made the former conveyance, but refused to make any adjustment of the matter.

■ If Zimmerman was in fact the owner of the note, he acquired it by gift. He was not a purchaser for value; he gave up nothing for it. Consequently the note was subject to all the defenses available against the Will sisters.

■ It is undisputed that Will sisters conveyed the land to appellant by a deed containing full covenants of seisin and warranty; that appellants gave the mortgage on the identical lands to secure the payment of a portion of the purchase price; and that, by reason of the fact that Will sisters did not have title to all the land, appellant has not received the entire property for which he gave the mortgage in part payment. Under these circumstances, the breach of the covenants constitutes a defense to a foreclosure of the mortgage for the full amount thereof. The mortgagee is not entitled to receive the entire amount secured by the mortgage, and a court of equity will reduce the mortgagee's demand to the extent that the mortgagor has been damaged by reason of the breach. (*Huhnen v. Parker*, 56 N. J. Eq. 286, 38 Atl. 641; *Brady v. Bank of Commerce*, 4 Okl. 473, Ann. Cas. 1915B, 1019, 138 Pac. 1020; *Van Riper v. Will-*

*iams,* 2 N. J. Eq. 407; *Morris v. Buckley,* 11 Serg. & R. (Pa.) 168; *Potwin v. Blasher,* 9 Wash. 460, 37 Pac. 710; *Krienbring v. Mathews,* 81 Or. 243, 159 Pac. 75; *Wilborn v. Cobb,* 92 S. C. 384, 75 S. E. 691; *Couse v. Boyles,* 4 N. J. Eq. 212, 38 Am. Dec. 514; *Chambers v. Cox,* 23 Kan. 393; *Roake v. Sullivan,* 69 Misc. Rep. 429, 125 N. Y. Supp. 835; 41 C. J., secs. 1089, 1090; L. R. A. 1918B, note 3, p. 742; 1 Wiltsie on Mort. Forecl., sec. 163; *Warren v. Stoddard,* 6 Ida. 692, 59 Pac. 540; *Brinton v. Johnson,* 35 Ida. 656, 208 Pac. 1028.)

 It is argued by respondent, and the court seemingly found, that the defenses interposed by appellant were barred by certain statutes of limitation. Statutes of limitation are not applicable to defenses (17 R. C. L. 745, sec. 112), and this court so held in *Morton v. Whitson,* 45 Ida. 28, 260 Pac. 426. In "further answering said complaint and by way of an affirmative defense and cross-complaint . . . . ," among other things, appellant pleaded the facts hereinbefore recited which constitute a defense to the foreclosure of the mortgage, to which the statute is inapplicable. That the pleading also contained allegations on which affirmative relief was sought against which the statute had run is a matter of no consequence in so far as this question is concerned. The pleading was not attacked by demurrer or motion. (*Morton v. Whitson, supra.*)

The decree is reversed and the cause is remanded, with instructions for the court to hear and determine the amount by which the mortgage indebtedness should be reduced, and for further proceedings in accordance with this opinion. Costs to appellant.

Givens and Taylor, JJ., concur.

Petition for rehearing denied.