## MATHIS v. LIGON et al. *

Circuit Court of Appeals, Tenth Circuit.

January 15, 1930.

No. 11.

*For opinion denying rehearing, see 38 F.(2d) —.

C. Dale Wolfe, of Wewoka, Okl. (W. M. Haulsee, of Wewoka, Okl., on the brief), for appellant.

A. M. Fowler, of Wewoka, Okl. (Biggers, Wilson & Aldridge and Pryor & Stokes, all of Wewoka, Okl., on the brief), for appellees Ligon, Mainard, Garner, Brixey, Shepard, Remy, and Casey.

Wellington L. Merwine, of Okmulgee, Okl., for appellee Raines.

Before LEWIS, PHILLIPS, and McDERMOTT, Circuit Judges.

PHILLIPS, Circuit Judge. This is a separate appeal from the same decree involved in Raines v. Ligon et al. (C. C. A.) 37 F. (2d) 633.

Maceo Raines brought a suit in equity against M. P. Mathis to cancel a tax deed running from the state of Oklahoma to Mathis and purporting to convey 120 acres of land in Seminole County, Oklahoma. Maceo Raines also made J. A. Ligon, J. L. Mainard, J. D. Garner, Mabel Garner, O. Brixey, Her-

636

man Shepard, J. F. Remy and Mary Casey, executrix of the last will and testament of W. E. Casey, parties defendant to her bill in equity and sought additional relief as against them. See Raines v. Ligon et al., supra.

To this suit in equity, Mathis filed an answer and a counterclaim in which he set up an affirmative action at law and named his co-defendants, last above named, in addition to the plaintiff, as defendants thereto.

We are not here concerned with the alleged cause of action of Raines against Mathis, because the decree of the trial court, affirmed in Raines v. Ligon et al., supra, adjudged that such co-defendants were the owners of the land in question.

In his counter-claim, Mathis alleged that such co-defendants were in possession of such land and real estate, claiming title thereto under conveyances from Raines, Ligon and Shepard; that a resale tax deed for such land was duly made, executed and delivered to him on May 14, 1924, for a consideration of $225, paid by him to the County Treasurer of Seminole County; that such deed was recorded October 20, 1924; that it vested in him the absolute title, in fee simple, to such land; that the statute of limitations had run against Raines and such co-defendants, and barred them from maintaining any action to avoid such tax deed. In his counter-claim, Mathis prayed that the claims of Raines and such co-defendants be canceled; that his title be quieted, and that he recover possession of the land.

To this counter-claim, such co-defendants filed a reply in which they averred that such resale tax-deed was void because the statutory notice of such resale did not correctly state the name of the owner of the land in controversy; as shown by the last tax rolls in the office of the county treasurer of Seminole county; and that such co-defendants and their predecessors in title had been in continuous, exclusive, open and adverse possession of such land and real estate since October 20, 1924.

Section 9744, C. O. S., 1921, as amended by section 4, chap. 158, Oklahoma Session Laws, 1923, reads as follows:

"The treasurer shall give notice of the resale of such real estate by the publication thereof once each consecutive week for four publications preceding the resale in some newspaper in the county, and if there be no paper published in the county, he shall give notice by written or printed notice posted on the door of the court house or building in which courts are commonly held, or at the usual place of meeting of the county commissioners. Such notice shall contain a description of the real estate to be sold, the name of the owner of said real estate, as shown by the last tax rolls in the office of County Treasurer. * * * "

Section 9750, C. O. S., 1921, provides:

"The deed shall be signed and executed by the county treasurer in his official capacity, and acknowledged before some officer authorized to take acknowledgments of deeds; and when substantially thus executed and recorded, in the proper record of titles to real estate, shall vest in the purchaser a full right, title and interest in and to said lands. Such deed shall be presumptive evidence in all the courts of the State, in all suits and controversies in relation to the rights of the purchaser, his heirs or assigns to the lands thereby conveyed of the following facts: * * *

"Sixth. That the property was sold for taxes, as stated in the deed, and was duly advertised before being sold, and to defeat the deed it must be clearly plead and clearly proven that some one of the above-named six requisites was wholly omitted and not done and a showing that any one or all of them was irregularly done will not be sufficient to defeat the deed."

Section 9753, C. O. S., 1921, provides:

"No action shall be commenced by the holder of the tax deed or the former owner or owners of land by any person claiming under him or them to recover possession of the land which has been sold and conveyed by deed for non-payment of taxes, or to avoid such deed, unless such action shall be commenced within one year after the recording of such deed. * * * "

G. V. Gross was the name of the owner of the land, described in the resale deed, as shown by the last tax rolls in the office of the county treasurer. G. Youngblood was the name of the owner stated in the resale notice. The resale tax deed was recorded October 20, 1924. This suit was commenced December 6, 1926. The decree found and adjudged that such tax-deed was invalid and dismissed the counter-claim with prejudice.

Mathis contends that such co-defendants were barred from attacking the validity of such tax-deed, under the provisions of section 9753, supra.

Mathis was not required to set up his alleged cause of action at law, pleaded in his counter-claim in this suit in equity. When he voluntarily did so, he waived any objection to the equitable jurisdiction. American Mills Co. v. American Surety Co., 260 U. S. 360, 366, 43 S. Ct. 149, 67 L. Ed. 306.

When Mathis pleaded the affirmative cause of action, set forth in his counter-claim, and sought affirmative relief against such co-defendants, he became the actor, or plaintiff, and they became the defendants. Merchants H. & L. Co. v. Clow & Sons, 204 U. S. 286, 289, 27 S. Ct. 285, 51 L. Ed. 488; Alley v. Bessemer G. E. Co. (Tex. Civ. App.) 228 S. W. 963, 966.

Section 9753, supra, applies to an affirmative cause of action and not to a pure defense. Clark v. Duncanson, 79 Okl. 180, 192 P. 806, 808, 16 A. L. R. 315; Morton v. Whitson, 45 Idaho, 23, 260 P. 426, 427; Pinkham v. Pinkham, 61 Neb. 336, 85 N. W. 285; 37 C. J. 803, § 148; 17 R. C. L. 745, § 112.

Furthermore, the Supreme Court of Oklahoma, in the recent case of Lind v. Stubblefield, 282 P. 365, 367, held that, so long as the owner remains in undisturbed possession of land which has been sold for taxes, the limitation provided in section 9753, supra, does not run against him or prevent him from maintaining a suit to set aside the tax sale or remove the cloud on his title.

Therefore, we conclude that the defense, set up in the reply of such co-defendants, is not barred by section 9753, supra.

The Oklahoma Supreme Court, in Adams v. McKinney's Heirs, 98 Okl. 144, 224 P. 692, 693, held that the failure of the resale notice to correctly state the name of the last record owner, as required by section 9744, supra, rendered invalid the resale and the deed based thereon. We are bound by this decision. Treese v. Ferguson, 120 Okl. 235, 251 P. 91, is not to the contrary. It merely holds that, under the provisions of section 9753, supra, the deed is presumptive evidence that the resale was duly advertised and places the burden on the land owner to plead and prove the contrary. Such co-defendants fully met that burden in the instant case.

The decree is affirmed with costs.