289 P.2d 621

**JOHN SCOWCROFT & SONS CO., a corporation, Plaintiff-respondent,**

v.

**Ora ROSELLE, an individual doing business as Summitt Supply Company, Defendant-appellant.**

No. 8310.

Supreme Court of Idaho.

Nov. 1, 1955.

Rehearing Denied Nov. 22, 1955.

Anderson & Anderson, Pocatello, for appellant.

B. W. Davis and Gerald W. Olson, Pocatello, for respondent.

PORTER, Justice.

Respondent brought this action to recover from appellant the balance due upon an open account for goods, wares and merchandise allegedly sold and delivered to appellant. At the close of respondent's case appellant moved for a judgment of nonsuit upon the ground of the insufficiency of the evidence. The motion was denied. Appellant then rested his case. The jury rendered a verdict for respondent for $315.70, being the amount shown to be unpaid on the open account. Judgment was entered accordingly. Appellant has appealed to this court from such judgment.

The principal assignments of error are that the court erred in denying appellant's motion for nonsuit and that the evidence is insufficient to support the verdict.

Appellant resides and has a business in Pocatello. For the past ten years he has also owned a store at Monida, Montana, and has been doing business therein under the trade name of Summitt Supply Company. The store at Monida has not been run by appellant in person but by his agents or representatives. Respondent, through its branch office at Idaho Falls, has from time to time sold merchandise to the Summitt Supply Company. Such merchandise has been paid for by the Summitt Supply Company or by appellant personally.

Respondent is in the wholesale mercantile business with its main offices at Ogden, Utah. In connection with the sale of its merchandise from its Idaho Falls branch, it furnishes to its prospective customers so-called order or buyer's guides listing its merchandise. The customer checks the list of items he wishes to order and returns the order guide to respondent at Idaho Falls. There the order is filled from the Idaho Falls warehouse and shipped to the customer accompanied by a bill of lading. The order guide is also returned to the customer with an invoice of the items shipped. One copy of the invoice is retained at the warehouse and the original invoice goes to the main offices at Ogden where the books and all records of accounts of the company

are kept. The foregoing procedure was that mostly followed in the sale of merchandise to the Summitt Supply Company.

Respondent introduced in evidence the original records of its books of account showing the account of Summitt Supply Company for the year 1954. Sometime in 1954, the warehouse foreman of respondent at Idaho Falls approached appellant with a statement of account for the purpose of collecting the same. The warehouse foreman testified that "Mr. Roselle did state at the time that the fellow that was running his store at Monida should have been taking care of these bills, evidently he wasn't and it was up to him to take care of them and he would do it but he couldn't at the present time." Appellant, upon cross-examination under the statute, testified as follows:

"Q. Have you been making payments on this account of the Summitt Supply Company at Monida, Montana, to John Scowcroft & Sons Company as far back and including March 6th, 1953?.

"A. As fast as I could get any money out of the merchandise—"

The ledger statement of account of respondent with appellant shows a payment on April 12, 1954, of $223.02 and on September 23, 1954, of $186.08. This action was commenced on October 4, 1954. On

October 6, 1954, appellant paid the sum of $200 on such account.

The basic contention of appellant appears to be that the evidence does not show who was the alleged agent or representative of appellant in charge of the Summitt Supply Company and does not show the authority of any such agent or representative to purchase the merchandise in question or that the same was ever ordered or shipped. In Basye v. Hayes, 58 Idaho 569, 76 P.2d 435, 437, decided in 1938, in sustaining the admission in evidence of the records of a party, we said that " 'The shop-book rule applies to the books of one party to show sales made to or services rendered for the other party.' " In 1939 the legislature enacted the Uniform Business Records as Evidence Act. Section 9–414, I.C., was a part of such act and reads as follows:

"A record of an act, condition or event, shall, insofar as relevant, be competent evidence if the custodian or other qualified witness testifies to the identity and the mode of its preparation, and if it was made in the regular course of business, at or near the time of the act, condition or event, and if, in the opinion of the court, the sources of information, method and time of preparation were such as to justify its admission."

In Henderson v. Allis-Chalmers, 65 Idaho 570, 149 P.2d 133, we held that in enacting the Uniform Business Records as Evidence Act, the legislature intended to broaden the scope of admissibility of records made in the regular course of business. This holding was followed in State v. Baldwin, 69 Idaho 459, 208 P.2d 161, and in In re Potlatch Forests, 72 Idaho 291, 240 P.2d 242.

The records of account of respondent, introduced in evidence, constitute sufficient evidence to sustain a finding by the jury that respondent had sold and delivered to the Summitt Supply Company the merchandise therein listed for the price therein set out, and a finding as to the payments made upon the account and the balance due thereon.

The purchase and receipt of merchandise by the Summitt Supply Company from respondent over a long period of time and admitted payments thereon by appellant was sufficient evidence from which a jury could find that appellant had clothed his agent or representative in charge of the Monida store with actual or apparent authority to order and receive the merchandise in question.

In 2 Am.Jur., Agency, page 86, sec. 104, it is said:

" * * * where a principal has, by his voluntary act, placed an agent in such a situation that a person of ordinary prudence conversant with business usages and the nature of the particular business is justified in assum-

146

ing that such agent has authority to perform a particular act and deals with the agent upon that assumption, the principal is estopped as against such third person from denying the agent's authority, * * *."

See Hunsaker v. Rhodehouse, 77 Idaho 119, 289 P.2d 319. A principal is bound by the acts of his agent within the scope of his apparent authority. Bevercombe v. Denney & Co., 40 Idaho 34, 231 P. 427; Arens v. Scheele, 63 Idaho 189, 119 P.2d 261; Clark v. Tarr, 75 Idaho 251, 270 P.2d 1016. Where existence of agency is disputed, it is a question of fact for the jury. Thornton v. Budge, 74 Idaho 103, 257 P.2d 238.

■ The additional assignments of error by appellant question the admissibility of parts of the testimony of the witness, Boyd Wilde, manager of respondent at Idaho Falls. The challenged testimony goes to the regular course of business practice of respondent in receiving the order for, shipping, and making a record of, the merchandise sold and delivered to the Summitt Supply Company. This evidence was competent and proper under the provisions of Section 9–414, I.C., to lay the foundation for the admission of the records of respondent covering the transactions between Summitt Supply Company and respondent.

The judgment of the trial court is affirmed. Costs awarded to respondent.

TAYLOR, C. J., and KEETON, ANDERSON and SMITH, JJ., concur.