393 P.2d 578

**Charles M. KELSON, Plaintiff-Respondent,**

**v.**

**A. C. AHLBORN, Defendant-Appellant.**

**No. 9160.**

Supreme Court of Idaho.

June 12, 1964.

Rehearing Denied July 23, 1964.

Prather & Wilson, Bonners Ferry, for respondent.

Stephen Bistline, Sandpoint, Thomas A. Mitchell, Coeur d'Alene, for appellant.

**TAYLOR, Justice.**

Plaintiff (respondent) moved to dismiss this appeal on the ground that it was not taken within the time prescribed by I.C. § 13–201. That section provides that an appeal from final judgment may be taken within sixty days after the entry of such judgment:

"Provided, however, that the running of the time for appeal is terminated by * * * a timely motion to amend or make additional findings of fact, * * and the full time for appeal fixed by this act commences to run and is to be computed from the entry of any order granting or denying any of the above motions."

Findings, conclusions and judgment herein were dated September 6, 1961, and filed September 28, 1961. Pursuant to a memorandum decision of the trial judge, dated August 21, 1961, counsel for plaintiff prepared proposed findings of fact and conclusions of law, and served same upon opposing counsel. Defendant's counsel prepared objections to the proposed findings, dated September 8, 1961, filed September 11, 1961, containing the following:

"and requests of the court that the same be amended and that the court set forth facts, rather than conclusions to substantiate a total indebtedness as is set forth in the proposed findings of fact and conclusions of law and in particular, the defendant requests of the court that findings be made to show the amounts of money that, if any were owed by the defendant to the plaintiff, and for what reason, and also, that amounts of money that were owed by the plaintiff, to the defendant."

IRCP Rule 52(b) provides:

"Upon motion of a party made not later than ten (10) days after entry of judgment the court may amend its findings or make additional findings and may amend the judgment accordingly. * * *"

Plaintiff contends that defendant's objections to "proposed" findings, made prior to the entry of the findings and judgment, do not constitute a motion to amend made within ten days after the entry of the judgment and, therefore, did not stay the running of the time for appeal. The record indicates that defendant's counsel prepared the objections without knowing that

the findings had been signed by the district judge and therefore referred to them as "proposed" findings. However, after the judgment was entered on September 28, 1961, defendant's objections, motion to amend and to make additional findings were treated by the court and opposing counsel as directed to the findings executed and filed by the district judge September 28th. A hearing was had upon the issues raised by the objections, motion to amend and to make additional findings. The court thereafter, by order dated November 16, 1961, filed November 17, 1961, overruled the objections, motion to amend and to make additional findings. The order recites:

"Defendant having filed herein objections to Findings of Fact and Conclusions of Law filed herein on September 28, 1961, * * *"

Therefore, the document titled "Objection to Proposed Findings" is to be regarded as a motion to amend and to make additional findings, made within ten days after the entry of the judgment. The appeal taken November 28, 1961, was timely, and the motion to dismiss is denied.

The action of the trial court, denying defendant a trial by jury, is assigned as error. IRCP Rule 38(b) provides:

"Any party may demand a trial by jury of any issue triable of right by a jury by serving upon the other parties a demand therefor in writing at any time after the commencement of the action and not later than ten (10) days after the service of the last pleading directed to such issue. * * *"

IRCP Rule 86 provides that the rules shall take effect November 1, 1958, and further, that:

"* * * They govern all proceedings in actions brought after they take effect, and also all further proceedings in actions then pending, except to the extent that in the opinion of the court, expressed by its order, their application in a particular action pending when the rules take effect would not be feasible or would work injustice, in which event the procedure existing at the time the action was brought applies."

Defendant's answer, containing affirmative allegations and counterclaims, was filed January 7, 1958. Defendant's prior counsel withdrew May 6, 1958. It is made to appear by affidavit of defendant's present counsel that this action was allowed to remain dormant during the pendency of another action between defendant and a third party, which other action was concluded in April, 1959. The date of the first appearance of defendant's present counsel in this action is not shown.

A letter from plaintiff's attorneys addressed to defendant's attorney advised

that at defendant's request hearing on motion and demurrer addressed to the answer and counterclaim was postponed from August 4, 1959, and would be called for hearing on the date of the next calendar call, August 18, 1959. On the last mentioned date the cause was set for trial September 17, 1959, without a jury, and the issues raised by the motion and demurrer were not determined. Counsel for defendant was not present on August 18, 1959, and was absent from his office. Upon his return, learning that the cause had been set for trial before the court, he advised the court orally that his client had not and would not waive his right to a jury trial. Counsel for plaintiff asserted that some unnamed attorney, purporting to represent the defendant, on August 18th waived defendant's right to jury trial. Defendant's counsel asserts he did not authorize any attorney to so act for him. No minute entry of such a waiver appears in the record.

■ September 3, 1959, the court vacated the trial setting because of pending issues of law. The issues raised by the motion and demurrer were argued to the court September 1, 1959; and after the submission of briefs requested by the court, order was entered, sustaining the motion and demurrer, January 25, 1961. Prior to the call of the calendar for the spring term of 1960, defendant's counsel, by letter dated March 7, 1960, as permitted by district court rule 81, advised the court that it might be impossible for him to be present at the calendar call and that this case could be placed on the jury docket. The case was not set for trial at either the spring or fall term in 1960. Defendant's counsel being unable to be present at the calendar call for the spring term, February 6, 1961, arranged to have attorney W. W. Nixon appear for him and request that the cause be set for trial by jury. Attorney Nixon advised defendant's counsel by letter dated February 6, 1961, that the cause had been set for trial June 5, 1961, to the court without a jury, and that the judge was of the view that the cause having been previously set for court trial, defendant was not entitled to a jury. June 5, 1961, defendant's counsel filed his affidavit in which he reviewed the chronological order of the proceedings in the case and again demanded a jury trial. The trial date was again postponed to June 19, 1961, at which time the court proceeded to try the case without jury. In this the court erred. The right to trial by jury is preserved by the constitution. Const., art. 1, § 7. The rule governing waiver of trial by jury, prior to the effective date of IRCP is set out in I.C. § 10–301, as follows:

"Trial by jury may be waived by the several parties to an issue of fact in actions arising on contract, or for the

recovery of specific real or personal property, with or without damages, and with the assent of the court, in other actions in the manner following:

"1. By failing to appear at the trial.

"2. By written consent, in person or by attorney, filed with the clerk.

"3. By oral consent, in open court, entered in the minutes."

Rule 86 makes Rule 38(b) applicable to further proceedings in pending cases, except where the application of the rule would not be feasible or would work injustice. In this case the exception provided by the rule should have been recognized and applied by the trial court. The last pleading, directed to a jury issue, was filed months before IRCP became effective. The long delay is chargeable to both court and counsel. The continued insistence upon jury trial by defendant's present counsel indicates that he was relying upon the prior procedure. The failure of the court to make a minute entry of any alleged waiver precludes reliance upon such waiver.

"It affirmatively appears that claimant made a written demand for a jury trial before any trial was commenced. We will not indulge in any presumption that a litigant has waived such a fundamental right." Farmer v. Loofbourrow, 75 Idaho 88, 267 P.2d 113, 41 A.L.R.2d 774 (1954).

The denial of defendant's right to a trial by jury makes it necessary to reverse the judgment and remand the cause for a new trial, and it is so ordered.

Plaintiff's complaint alleges an agreement with the defendant by the terms of which defendant was to perform certain logging operations for plaintiff; that defendant did not have the means to finance the operations agreed upon; that plaintiff advanced money to defendant for that purpose to be repaid in services; and that the advances exceeded the value of services rendered in the amount prayed for by plaintiff. Two other causes are alleged for minor loans, one of which defendant claimed was an advance in connection with the logging agreement.

Two of defendant's four counterclaims sought recovery of damages for plaintiff's failure to provide trucks for hauling logs as agreed in the logging contract; one sought compensation for the supervision of construction of a logging road; and the fourth counterclaim was for damages for loss of profit upon a logging operation in which plaintiff employed a logger other than defendant. These counterclaims were struck by the trial court on the ground that they were barred by the statute of limitations (I.C. §§ 5–217, 5–224) and were not available to the defendant for counterclaim or offset. This ruling is assigned as error.

A counterclaim is one existing in favor of a defendant and against a plaintiff upon which a several judgment might be had in the action. I.C. § 5–513. If it arises "out of the transaction set forth in the complaint as the foundation of the plaintiff's claim, or connected with the subject of the action," it must be pleaded by the defendant in the action, otherwise it is barred by I.C. § 5–613. See IRCP Rule 13(a).

"When cross demands have existed between persons under such circumstances that, if one had brought an action against the other, a counterclaim could have been set up, the two demands shall be deemed compensated, so far as they equal each other, and neither can be deprived of the benefit thereof by the assignment or death of the other." I.C. § 5–615.

It is to be noted that I.C. §§ 5–614 and 5–615 were deleted as rules of procedure by order of this court dated January 3, 1953, effective January 15, 1953. This action was taken on the ground that the sections contained elements of substantive law affecting limitations on counterclaims and cross demands, subject to the legislative power of the state government. Idaho Code § 5–615, supra, providing for the compensation of counterclaims and cross demands, indicates that such result is attained

even in the absence of litigation, to the extent that the cross demands equal each other, so that when one party brings an action against another having cross demands against him, he can recover if, and only to the extent that, his claims exceed those of his adversary. In case of an assignment by, or death of, a claimant, his assignee or representative is also limited to a recovery of the amount by which the claims of his assignor or decedent exceed those of the other party. To the extent that the cross demands equal each other they have been compensated and paid by operation of the statute. This provision of the law would be defeated in many cases if the general statutes of limitation were permitted to run against counterclaims. In Denton v. Detweiler, 48 Idaho 369, 282 P. 82 (1929), this court held that a counterclaim was not subject to the bar of the statute if it was not barred when the action commenced. See also, Tom Reed Gold Mines Co. v. Brady, 55 Ariz. 133, 99 P.2d 97, 127 A.L.R. 905 (1940).

California Code of Civil Procedure, § 440, identical to our § 5–615, was construed by the supreme court of that state in Jones v. Mortimer, 28 Cal.2d 627, 170 P.2d 893 (1946). There the court said:

"It has been held generally or assumed without discussion that a counterclaim in its setoff aspects may be defeated by the defense of the statute of limitation.

(Citations). On the other hand it has been intimated that where claims are compensated under section 440 of the Code of Civil Procedure the statute of limitations is not a bar. Moore v. Gould, 151 Cal. 723, 91 P. 616. But none of these cases, holding the statute to be a bar, except Lyon v. Petty [65 Cal. 322, 4 P. 103], mention section 440 of the Code of Civil Procedure heretofore quoted. The cross-demands here, in the language of section 440, *have existed* between persons'—plaintiff and defendant. They existed between them at least at the time the assessment became due and plaintiff's action on his claim was pending. They have existed under circumstances where if either brought an action thereon the other could have set up a counterclaim. Defendant could have set up the assessment as a counterclaim when the two coexisted and there was no question about the statute of limitation on either claim. The next step is that the demands are *compensated*. That can mean nothing more or less than that each of the claimants is *paid* to the extent that their claims are equal. To the extent that they are *paid*, how can the statute of limitation run on either of them? There is no outstanding claim upon which the statute may run. It is discharged."

In that case the court also found, as a second reason for denying the application of limitations to the defendant's counterclaim, that the period of limitation had not run at the time plaintiff's action was commenced. The Jones case has since been followed in California. In Sunrise Produce Co. of San Francisco v. Malovich, 101 Cal. App.2d 520, 225 P.2d 973 (1950), the complaint sought recovery on common counts for goods sold and delivered. The court held that defendant's cross demand for trailer rental, which coexisted in point of time, was deemed compensated to the extent that it equaled plaintiff's claim and could be set up as a counterclaim, though barred by limitations at the time the principal suit was filed, and regardless of whether the cross demand was a liquidated or an unliquidated claim. In that case the counterclaim was completely foreign to the transaction pleaded in the complaint.

In O'Keefe v. Aptos Land & Water Co., 134 Cal.App.2d 772, 286 P.2d 417, 54 A.L.R. 2d 462 (1955), the court said:

"Monroe's credit balance was not barred by the statute of limitations. His credit balance and Aptos' right to the purchase price of the land have continuously been and are 'cross-demands' of the type mentioned in section 440 of the Code of Civil Procedure and are, therefore, 'deemed

compensated, so far as they equal each other'. Even if the statute of limitations runs against one of such demands, that demand may be set off in a suit to recover the other demand." 286 P.2d at 423.

See also, 53 C.J.S. Limitations of Actions § 106, p. 1092, n. 67, and 1 A.L.R.2d, Anno. III, § 13, p. 661 et seq.

■■■ The decisions of this court, relied upon by plaintiff, and hereinafter cited, deal with counterclaims generally, and do not purport to construe and apply I.C. § 5-615. The California court was confronted with the same situation in Jones v. Mortimer, supra. There, only one of the prior decisions holding that a counterclaim was subject to the statute of limitations mentioned the Code of Civil Procedure § 440 (our § 5-615). Our prior decisions hold that a counterclaim, arising out of the transaction which is the foundation of plaintiff's claim (I.C. § 5-613, sub. 1), may be pleaded defensively though affirmative relief thereon be barred (I.C. § 5-614), and though it is pleaded affirmatively and affirmative relief is sought. Terry v. Terry, 70 Idaho 161, 213 P.2d 906 (1950); Cornelison v. United States Bldg., etc., Assn., 50 Idaho 1, 292 P. 243 (1930); Zimmerman v. Dahlberg, 46 Idaho 583, 269 P. 991 (1928); Morton v. Whitson, 45 Idaho 28, 260 P. 426 (1927); Carlson v. Ozmun, 44

Idaho 500, 258 P. 1078 (1927); Frank v. Davis, 34 Idaho 678, 203 P. 287 (1921). These decisions are not controlling here, since they do not deal with I.C. § 5-615. However, under those decisions the cross demands herein may be pleaded defensively. The striking of defendant's counterclaims was erroneous. We do not pass upon the sufficiency of the pleading of the counterclaims.

This disposition of the appeal makes it unnecessary to consider other assignments of error.

Judgment reversed and the cause remanded for a new trial.

Costs to appellant.

KNUDSON, C. J., and McQUADE, McFADDEN, and SMITH, JJ., concur.

## ON DENIAL OF PETITION FOR REHEARING

TAYLOR, Justice.

By petition for rehearing the parties have asked the court to pass upon the merits of defendant's assignments of error nos. 3 and 4. These assignments are insufficient to raise an issue. However, in view of I.C. § 1-205, we append the following for the guidance of the trial court.

In arguing these assignments of error, defendant contends books of account show-

ing the amount of cash advanced to him should not have been admitted in evidence. In support of this proposition the following is quoted from 84 A.L.R. 147, 148 (1933):

"In the absence of any statute expressly providing otherwise, it is usually held that books of account are inadmissible to show the payment or loan of money, on the ground that as the person paying or loaning money has it in his power to perpetuate evidence of that fact by taking a receipt or note, the reason for admitting a party's books of account as evidence in his own favor does not exist."

Not all jurisdictions concur in this reasoning. See Wigmore on Evidence, Vol. V, § 1539. The cases relied upon to support the annotator's conclusion in 84 A.L.R., supra, were not decided under the Uniform Business Records as Evidence Act, which was adopted by our state in 1939. I.C. §§ 9–413, 9–414, 9–415, 9–416.

"The term 'business' shall include every kind of business, profession, occupation, calling or operation of institutions, whether carried on for profit or not." I.C. § 9–413.

"A record of an act, condition or event, shall, insofar as relevant, be competent evidence if the custodian or other qualified witness testifies to the identity and the mode of its preparation, and if it was made in the regular course of business, at or near the time of the act, condition or event, and if, in the opinion of the court, the sources of information, method and time of preparation were such as to justify its admission." I.C. § 9–414.

We have consistently declared that in enacting the Uniform Business Records as Evidence Act, the legislature "intended to broaden the scope of admissibility of records made in the regular course of business." John Scowcroft & Sons Co. v. Roselle, 77 Idaho 142, 145, 289 P.2d 621; Cassella v. Tiberio, 150 Ohio St. 27, 80 N.E.2d 426, 5 A.L.R.2d 1.

In Mahoney v. Minsky, 39 N.J. 208, 188 A.2d 161 (1963), the plaintiff objected to the admission of books of account on the ground that under New Jersey decisions, payment of a loan cannot be proved by the debtor's books, even if kept in the regular course of business. The New Jersey court found plaintiff's assertion could no longer be accepted in light of the Uniform Business Records as Evidence Act. The court stated:

"The basic theory of the uniform law is that records which are properly shown to have been kept as required normally possess a circumstantial prob-

ability of trustworthiness, and therefore ought to be received in evidence unless the trial court after examining them and hearing the manner of their preparation explained, entertains serious doubt as to whether they are dependable or worthy of confidence. The last clause of the statute that the books should be accepted 'if, in the opinion of the court, the sources of information, method and time of preparation were such as to justify its admission,' confers considerable discretion upon the trial judge." 188 A.2d at 166.

" * * * if the criteria for admissibility have been met, it should make no difference whether the entries in issue relate to loans or their payment. * * * Nor should competency turn on whether, in the context of the case, they are self-serving or admissions against interest. Such matters affect probative value or credibility and are for the fact finders." 188 A.2d at 167.

 We conclude the books of account which show sums of cash advanced to the defendant were properly admitted into evidence.

Rehearing denied.

KNUDSON, C. J., and McQUADE, McFADDEN and SMITH, JJ., concur.