364 P.2d 181

Francis J. DINGLER and Charlotte B. Dingler, Husband and Wife, Plaintiffs-Respondents,

v.

Gordon SIMPSON, M. R. Peterson, and State Farm Mutual Automobile Insurance Company, Defendants-Appellants.

M. R. PETERSON, Cross-Claimant-Respondent,

v.

STATE FARM MUTUAL AUTOMOBILE INSURANCE COMPANY, Cross-Defendant-Appellant.

No. 8989.

Supreme Court of Idaho.

July 26, 1961.

Rehearing Denied Sept. 6, 1961.

**440**

J. Ward Arney and Pat. W. Arney, Coeur·
d'Alene, for respondents.

Brown & Peacock, Kellogg, for appel-
lants.

McQUADE, Justice.

Defendant-appellant State Farm Mutual Automobile Insurance Company takes this appeal from a district court money judgment. The judgment is predicated upon an alleged agreement whereby the insurance company insured defendant, cross-claimant and respondent Peterson, and thereby became liable for a judgment against Peterson in the sum of $4,831.38 obtained in another action by plaintiffs, the Dinglers.

All events occurred in Coeur d'Alene, Idaho.

On March 30, 1955, defendant Peterson, an automobile salesman, telephoned an agent of the State Farm Mutual Automobile Insurance Company, the Lloyd Henry Insurance Agency, requesting insurance coverage on a 1955 automobile, and furnished information necessary for the insurance application. He was requested to appear at the agency office, sign the application form, and pay the premium immediately. Peterson did not sign the application nor pay the premium as requested. On June 16, 1955, he received a written request that the premium be paid "to complete the issuance of insurance."

On July 2, Peterson loaned the automobile to defendant Gordon Simpson, Peterson's employer and manager of the automobile agency, to pick up mail at the post office. While on this trip, Simpson collided with the automobile of respondents Dingler. On July 5, 1955, Peterson appeared at the Lloyd Henry Insurance Agency, signed an application for insurance as of that date, and paid the premium. The Dinglers thereafter recovered a judgment against Simpson and Peterson.

Peterson contends that his automobile was insured on July 2, the date of the accident, by virtue of the March 30 application for insurance and through a course of conduct indulged in between himself and the Lloyd Henry Insurance Agency, whereby Peterson would telephone for insurance coverage and subsequently pay the premium up to six months thereafter.

Appellant State Farm Mutual Automobile Insurance Company denies any such course of conduct between the parties, and asserts no insurance coverage existed for Peterson.

The only assignment of error which we shall discuss herein relates to the finding by the district court that a contract of insurance existed between the insurance company and M. R. Peterson.

Peterson testified that he had been insured by the insurance company from 1950 through 1955, and in each instance had telephoned for insurance and paid the premium 30 days to six months thereafter. Insurance agent Henry denies that this course of conduct existed in his business relations with Peterson. He insists that all insureds had to sign applications and pay the premiums before they were insured, and that Peterson was no exception to these requirements.

■ In corroboration thereof, Peterson offered a six-months duration policy issued in May, 1954, and other evidence that he had paid the premium two months later. On the 1954 policy, a membership fee in the sum of $6 was paid and a deferred payment notice in the sum of $12.40 was mailed two months later; all of this information appears on the face of the signed application. No further proof was offered concerning prior insurance policies and the method premiums were paid. No other evidence was put on by appellant. There was proof adduced that Peterson employed an attorney to defend him in the principal action, and was entitled to $1,000 to pay for his defense therein. The trial court entered judgment in this sum for Peterson against the insurance company. An appeal is also taken from this judgment.

"It is stated as a general rule that in order to establish a usage or custom, the evidence thereof must be clear and satisfactory. When the custom is a particular one, it is especially important that the proof be certain and conclusive. In order to establish a usage or custom, it is not sufficient to prove isolated instances * * *." 55 Am.Jur., Usages and Customs, sec. 56, p. 316.

Evidence of a habit of doing a thing in the course of business is, if clearly shown as a definite course of action, admissible as indicating that, on a particular occasion, the thing was done as usual. Roberts Distributing Co. v. Kaye-Halbert Corp., 126 Cal.App.2d 664, 272 P.2d 886 at page 894.

Peterson contends that a course of conduct in procuring insurance is established in part by the policy issued in May, 1954. Evidence concerning the manner of premium payment of other policies rests upon the assertion of M. R. Peterson and the denial thereof by the insurance agent, Lloyd Henry.

■ When there are two divergent witnesses such as we have here concerning whether these events occurred, it is for the trial court to resolve these conflicts; but where custom and usage have been alleged

the appropriate rule must be used by the trial court in resolving the conflict. The rule which is applicable here is: a person is not bound by a custom or usage unless he has actual knowledge thereof, or it is so general or well known in the community as to give rise to the presumption of such knowledge. Robertson v. Dodson, 54 Cal. App.2d 661, 664, 129 P.2d 726; 25 Cal.Jur., Usages and Customs, sec. 4, p. 419; 49 Cal. Jur.2d Usages and Customs, sec. 10, p. 641.

The one corroborated time that Peterson made a delayed payment was in 1954. The application for insurance does not unequivocally bear out Peterson's contention that he was in the habit of procuring insurance policies over the telephone with the mutual understanding that premiums could be paid any time within six months. The 1954 signed application lends credence to agent Henry's testimony because it proves that an express agreement had been entered into between the parties establishing terms for delayed payment of that particular premium.

■ A custom must be clearly proved; and where the evidence is uncertain and contradictory the custom is not established. 25 C.J.S. Customs and Usages § 33, p. 128;

Washington Brick, Lime & Sewer Pipe Co. v. Anderson, 176 Wash. 416, 29 P.2d 690.

In the case of Gramkow v. Farmers Cooperative Irr. Co., 47 Idaho 578, 277 P. 431, this Court held that usage may be admissible to explain what is doubtful; it is never admissible to contradict what is plain.

■ The burden of proof rested with respondents to establish that the insurance agent was aware of the course of conduct. Peterson not having established that he and Lloyd Henry pursued a course of conduct from which we might conclude that a policy of insurance was issued pursuant to a telephone request on March 30, 1955, the respondents failed in establishing a prima facie case.

The judgment of the trial court is reversed, and the cause is remanded with instructions that the trial judge enter judgment for the State Farm Mutual Automobile Insurance Company.

Costs to appellant.

TAYLOR, C. J., and SMITH and McFADDEN, JJ., concur.

KNUDSON, J., sat at the hearing but did not participate in the decision.