817 P.2d 177

**Jeff PERKINS, Plaintiff–Respondent,**

v.

**HIGHLAND ENTERPRISES, INC., an Idaho Corporation, Defendant–Appellant.**

**No. 18955.**

Supreme Court of Idaho, Lewiston, April 1991 Term.

Aug. 22, 1991.

Clark and Feeney, Lewiston, for defendant-appellant. Ron T. Blewett, argued.

William H. Foster, Grangeville, for plaintiff-respondent.

McDEVITT, Justice.

Respondent, Jeff Perkins ("Perkins"), owns a construction business. He contracted to haul crushed rock for the appellant, Highland Enterprises, Inc. ("Highland"), in a remote area of Idaho County. The rock was to be crushed by a third-party, Camco, Incorporated. Perkins contracted to haul the crushed rock from the site of the rock crusher and then dump it on a road being constructed by Highland. Perkins and Highland entered into a verbal agreement that Perkins would haul rock for $38.30 per hour for his end-dump trucks and $48.30 per hour for his belly-dump trucks. The parties agreed that Perkins would haul 4,000 tons of crushed rock for Highland.

Neither Highland nor Perkins anticipated that Camco's rock crusher would break down as often as it did. Many times, the trucks would haul for a very short time and then would have to wait in line while it took hours to fix the rock crusher.

During the course of the work, Highland informed Perkins that it would not pay the full hourly rate when the trucks were waiting for the crusher to be repaired. Perkins remained silent and did not comment on this remark, but kept his trucks on the job.

After the hauling was completed, Perkins billed Highland $9,098.95, which represented all the hours that his trucks were either hauling rock or waiting for the rock crusher to be repaired. Highland disputed paying the full hourly rate while the trucks were waiting while the rock crusher was inoperable. Highland asked Perkins to break down the hours between the hours the trucks were actually hauling rock (for clarification purposes, hereinafter called "production hours") and the hours the trucks were waiting at the crusher for it to be repaired ("non-production hours"). Perkins was unable to produce such a breakdown. Perkins offered to deduct $1,000 from the total bill to compensate for the time spent waiting for the crusher to be repaired, but this offer was refused by Highland.

Highland then made its own computations and attempted to produce a breakdown between production hours and non-production hours. Highland then paid a discounted hourly rate for its determination of the non-production hours. After making this computation, Highland presented Perkins with a check for $5,535.02 with a notation: "Paid in full. All hauling thru Sept. 15, 1986." Perkins protested, but accepted the check and cashed it, endorsing it: "Endorsed under protest." Perkins then instituted the present action to recover the $3,563.93 he felt was still owed under the oral contract.

Highland filed a motion for summary judgment. The magistrate denied the motion finding that a genuine issue of material fact existed as to the hourly rate of pay. The jury awarded Perkins $3,563.93 in damages. The magistrate judge then awarded Perkins $2,580.76 in attorney fees. Highland appealed to the district court. The district court affirmed the magistrate court and awarded $1,560.00 in costs and attorney fees on appeal. Highland appealed

from the district court decision and the matter was assigned to the Court of Appeals. The Court of Appeals vacated the verdict and remanded the case for retrial. This Court granted review and affirms the judgment of the magistrate court.

Highland argues on appeal that: (1) the trial court improperly instructed the jury as to accord and satisfaction; (2) that Perkins should be estopped from demanding full payment after Highland informed Perkins that it could not pay the full rate; and (3) that the court improperly refused to allow evidence as to trade usage. Perkins argues on appeal that I.C. § 28-1-207 gave him the right to endorse the check under protest and pursue full payment later.

## ACCORD AND SATISFACTION

Highland argues that the parties reached an accord and satisfaction, because it tendered a check with the notation: "Paid in Full. All hauling thru Sept. 15, 1986." Highland argues that the fact that Perkins accepted and cashed the check demonstrates that the parties reached an accord and satisfaction. Perkins argues that he only accepted the check after he protested and informed Highland that he would not take the check in full satisfaction of the debt. Perkins asserts that he only accepted the check in order to pay the truck drivers and other bills.

■ Highland also alleges error in the court's instruction to the jury concerning accord and satisfaction. The court instructed the jury as follows:

## INSTRUCTION NO. 8

With respect to Plaintiff's claim that he is entitled to damages from the Defendant, the Defendant has presented evidence on the defense of accord and satisfaction.

"Accord and satisfaction" is basically the substitution of one contract for another.

An "accord" is an agreement between the parties to give and to accept something in settlement of a debt. "Satisfac-

tion" is the performance of that agreement. An underlying duty or debt is not discharged until the accord is satisfied.

An accord and satisfaction can never be implied from language of doubtful meaning. Also an accord and satisfaction can not arise by reason of the payment of less than is due, unless it clearly appears not only that this was the intention of Highland Enterprises, but also that Mr. Perkins expressly agreed to it, understood, or should have understood, as reasonable person, that, by accepting the lesser payment he was giving up his rights under the original contract.

With respect to the defense of accord and satisfaction Highland Enterprises must prove the following by a preponderance of the evidence:

1. That there was a dispute as to the amount owed by Highland Enterprises to Mr. Perkins; and,

2. That Highland Enterprises tendered an amount of money (check) to Mr. Perkins with the intent that such payment would be the total amount of money to be paid to Mr. Perkins; and,

3. That Mr. Perkins expressly agreed to accept the payment in full satisfaction of all debts owed to him by Highland Enterprises, or Mr. Perkins understood when he accepted the check or should have understood when he accepted the check that the check was in full payment for all debts owing to Mr. Perkins by Highland Enterprises.

If you find that Highland Enterprises has failed to prove any one of the listed elements of an accord and satisfaction set out above, then you should enter your verdict for the Plaintiff, Mr. Perkins. However, if you find that Highland Enterprises has proven all of the elements of the defense of accord and satisfaction as set out above by a preponderance of the evidence, then you should enter your verdict for the Defendant, Highland Enterprises.

Highland urges that this instruction errs when it states that an accord and satisfaction could arise only if Perkins "understood when he accepted the check, or should have

understood when he accepted the check, that the check was in full payment of debts owing to Mr. Perkins by Highland Enterprises." Highland argues that it was only necessary to show that Highland intended the check to be in full payment for all debts owing. Highland's argument is without merit. The intentions of both the debtor and the creditor are crucial in determining whether an accord and satisfaction has occurred.

█ The jury instruction correctly set forth the elements of an accord and satisfaction which are: (1) a bona fide dispute as to the amount owed; (2) that the debtor tendered an amount to the creditor with the intent that such payment would be in total satisfaction of the debt owed to the creditor; and (3) that the creditor agreed to accept payment in full satisfaction of the debt, or that both the debtor and the creditor understood that the acceptance of the check was in full payment of all sums owed by the debtor. *See, Fairchild v. Mathews*, 91 Idaho 1, 415 P.2d 43 (1966). Accord and satisfaction is an affirmative defense. *Bryan & Co. v. Kieckbusch*, 94 Idaho 116, 482 P.2d 91 (1971). Therefore, the burden was upon Highland to prove all the elements of an accord and satisfaction. *Clay v. Rossi*, 62 Idaho 140, 108 P.2d 506 (1940). Since an accord and satisfaction is basically the substitution of one contract for another, the debtor must prove that the creditor "definitely assented" to the new arrangement. *Nelson v. Armstrong*, 99 Idaho 422, 582 P.2d 1100 (1978).

At trial Perkins testified:

Q. Okay. And I'd like to talk a little bit about—not necessarily what you had in your mind but what you told the parties that night. Did you tell Highland that you would take the check as paid in full?

A. No.

Q. It's your testimony that you told them you wouldn't take it paid in full?

A. That's right.

█ It is apparent that Highland failed to carry its burden of proof. It did not matter that Perkins endorsed the check under protest. This fact has no bearing on proving or disproving an accord and satisfaction. The focus of our inquiry is at that point in time when Highland tendered the check to Perkins and Perkins's actions at that moment in accepting the check. Perkins's testimony showed he did not accept the check in full payment, that he only took the check because he needed the money to pay bills. Even though Perkins stated that he would not accept the check in full payment of the debt, Highland allowed him to take the check. Mere acceptance of the check does not prove an accord and satisfaction. The evidence failed to prove that an accord and satisfaction had occurred.

## ESTOPPEL

█ Highland asserts that the trial court erred in refusing to instruct the jury as to estoppel. Highland contends that because it informed Perkins during the course of performing the hauling contract that it could not pay "full-bore" for the time spent waiting at the crusher, Perkins should be estopped from claiming the contract rate. Highland contends that there were other trucks in the area willing to haul for the lesser rate. This contention is without merit.

█ Highland breached the hauling contract when it attempted to unilaterally change the rate of pay. When Highland informed Perkins that it was no longer willing to pay "full-bore," Perkins had two choices. Perkins could have chosen to: (1) treat the contract as ended, as far as further performance was required, and then maintain an action for payment for services performed, or (2) he could have chosen to fulfill the contract and then maintain an action for damages. *Foley v. Munio*, 105 Idaho 309, 669 P.2d 198 (1983). Perkins decided to continue performing the contract as he was legally entitled to do. Highland cannot now use estoppel to mitigate the damages flowing from its breach. There was no error in refusing to instruct on estoppel.

## CUSTOM AND TRADE USAGE

█ Finally Highland contends that the trial court erred in failing to instruct

the jury as to custom and trade usage. Evidence of custom and trade usage is appropriate where there is an ambiguity as to a contract term and the evidence will be helpful in clarifying the ambiguity. *Commercial Ins. Co. v. Hartwell Excavating Co.*, 89 Idaho 531, 407 P.2d 312 (1965). Custom and trade usage must be clearly proven; where the evidence is uncertain or is contradictory, the custom is not established. *Martin v. Whiteley*, 89 Idaho 429, 405 P.2d 963 (1965); *Dingler v. Simpson*, 83 Idaho 439, 364 P.2d 181 (1961).

 Highland's contention is that the trial court should have instructed the jury as to the industry term "standby time." Highland asserts that standby time, as used in the forest service industry, means the time spent waiting to be loaded. Highland asserts that in the forest service industry, standby time is paid at a rate of 25% of the normal hourly rate.

Despite Highland's assertions, the evidence at trial showed that "standby" time was the time trucks spent in camp waiting to be called to work or time spent in between jobs, not waiting in line to be loaded. The real issue was between production time and non-production time. No evidence was offered to show a custom or practice differentiating between these two times. Therefore, custom and trade usage was not proven; the trial court did not err in refusing to give Highland's requested instructions concerning trade usage.

### IDAHO CODE § 28–1–207

Perkins argues that our adoption of the Uniform Commercial Code, and specifically I.C. § 28–1–207, amended the common law doctrine of accord and satisfaction. As we stated earlier, Perkins's actions in endorsing the check under protest pursuant to I.C. § 28–1–207 did not affect the determination of whether an accord and satisfaction had occurred. Because this Court holds in Perkins's favor, it is unnecessary to discuss the issue of whether the common law doctrine of accord and satisfaction was altered by our adoption of the Uniform Commercial Code.

### SUMMARY JUDGMENT

 Highland appeals from the magistrate's denial of its motion for summary judgment. Upon a motion for summary judgment, all facts and inferences must be drawn in favor of the non-moving party. *Meridian Bowling Lanes, Inc. v. Meridian Athletic Assoc. Inc.*, 105 Idaho 509, 670 P.2d 1294 (1983). Summary judgment is proper only when no genuine issue of material fact exists and the moving party is entitled to a judgment as a matter of law. *Reis v. Cox*, 104 Idaho 434, 660 P.2d 46 (1982); I.R.C.P. 56(c). The standard to be used by this Court when reviewing a motion for summary judgment is the same. *Meridian Bowling Lanes, Inc. v. Meridian Athletic Assoc. Inc.*, 105 Idaho at 512, 670 P.2d at 1297. We hold that a genuine issue of material fact did exist, hence summary judgment was properly denied.

### ATTORNEY FEES

 Both parties have requested attorney fees. Idaho Code § 12–120 dictates when attorney fees will be allowed in civil actions. The pertinent part states:

(3) In any civil action to recover on an open account, account stated, note, bill, negotiable instrument, guaranty or contract relating to the purchase or sale of goods, wares, merchandise, or services and in any commercial transaction unless otherwise provided by law, the prevailing party shall be allowed a reasonable attorney fee to be set by the court, to be taxed and collected as costs.

The subject matter of this action is a transaction between two commercial enterprises relating to the purchase of services as provided in the statute. Perkins has successfully defended the jury verdict in his favor. Therefore, Perkins is the prevailing party and attorney fees are awarded pursuant to I.C. § 12–120(3).

This Court vacates the opinion of the Court of Appeals and affirms the judgment of the magistrate court.

Costs and attorney fees on appeal to respondent.

BISTLINE and BOYLE, JJ., concur.

BAKES, C.J., dissents without opinion.

JOHNSON, Justice, dissenting.

I respectfully dissent from the Court's opinion. In my view, the trial court should have granted summary judgment in favor of Highland.

In *Fairchild v. Mathews*, 91 Idaho 1, 4, 415 P.2d 43, 46 (1966), the Court said:

Also an accord and satisfaction cannot arise by reason of the payment of less than is due, unless it clearly appears not only that this was the intention of the payor, but also that *the payee* expressly agreed to it, or *was bound to know of the intention at the time of the acceptance;* in effect, that his taking of a check would be tortious except upon the assumption of a taking in full satisfaction.

(Emphasis added).

Before trial, Highland moved for summary judgment on the grounds that there were no genuine issues of material fact remaining and that the acceptance of Highland's check by Perkins constituted a complete accord and satisfaction of the debt upon which the suit was based. In an affidavit in support of the motion, the president of Highland stated that when he gave Perkins the check he made clear to Perkins the intention of Highland that if Perkins accepted the check it would be as payment in full for all of the hauling that Perkins had done for Highland. Also, in his deposition Perkins stated that he knew Highland's check was all Highland intended to pay him. This evidence was not contested by Perkins in opposing the motion for summary judgment.

Perkins' knowledge of Highland's intent removed any genuine issue of material fact as to the applicability of the doctrine of accord and satisfaction. I would reverse the trial court's denial of Highland's motion for summary judgment.