23 P.3d 147

**Dan BEARD, Plaintiff–Appellant,**

v.

**Carol Jane GEORGE, Defendant–Respondent.**

No. 26184.

Supreme Court of Idaho.
Twin Falls, March 2001 Term.

April 30, 2001.

Jay D. Sudweeks, May, Sudweeks, Kershaw & Browning, Twin Falls, for appellant.

John C. Hohnhorst, Hepworth, Lezamiz & Hohnhorst, Twin Falls, for respondent.

SCHROEDER, Justice.

The district court granted Carol Jane George (George) a right of setoff in a proceeding initiated by Dan Beard (Beard) to collect on a promissory note. Beard claims the right of setoff was barred by the statute of limitations; and, consequently, the amount of the judgment he obtained was improperly reduced by the setoff. The decision of the district court is affirmed.

## I.

### BACKGROUND AND PRIOR PROCEEDINGS

George was a part owner of Gem State Realty (Gem State) in Twin Falls, Idaho. Beard and Steve Keim (Keim) were associates at Gem State Realty before leaving to join another real estate office. On May 2, 1990, Beard issued a note to Gem State for $15,750.00 (Note A). This note was later assigned to George. On April 18, 1997, while Keim was still at Gem State, George issued a note to Keim for $27,418.48 (Note B). Keim assigned this note to Beard. No payments were made on Note B, and Beard brought this action to collect the balance due and owing on Note B. George filed a counterclaim, asserting Note A as an offset to the balance due on Note B, although the statute of limitations had run for direct recovery on Note A.

Beard asserted that he had satisfied Note A with payment of a personal loan in the amount of $5,000.00 to George and an agree-

ment to allow George to charge items at a store Beard owned. Following a bench trial, the district court granted George's claimed offset and determined that the $5,000.00 loan did not satisfy Note A, but that Beard was entitled to a setoff in the amount of the loan on Note A.

Beard also asserted that he was entitled to setoff against George's counter-claim because George had a charge account in a store Beard owned in Twin Falls, Idaho. The district court agreed, and Beard was awarded an offset in the amount of the account. The district court granted Beard a judgment in the amount of $32,836.05 and granted George an offset which reduced the total amount of Beard's judgment and decree of foreclosure on Note B against George to $12,970.97.

## II.

### STANDARD OF REVIEW

■ Rule 52(a) of the Idaho Rules of Civil Procedure (I.R.C.P.) provides in pertinent part:

In all actions tried upon the facts without a jury or with an advisory jury, the court shall find the facts specially and state separately its conclusions of law thereon and direct the entry of the appropriate judgment .... Findings of fact shall not be set aside unless clearly erroneous. In the application of this principle regard shall be given to the special opportunity of the trial court to judge the credibility of those witnesses who appear personally before it.

"Findings of fact cannot be set aside on appeal unless they are clearly erroneous, i.e. not supported by substantial, competent evidence." *Savage Lateral Ditch Water Users Ass'n v. Pulley*, 125 Idaho 237, 241–42, 869 P.2d 554, 558–59 (1993). Likewise, the "[t]rial court's findings and conclusions which are based on substantial although conflicting evidence will not be disturbed on appeal." *Sun Valley Shamrock Resources, Inc. v. Travelers Leasing Corp.*, 118 Idaho 116, 118, 794 P.2d 1389, 1391 (1990). Since it is the province of the trial court to weigh conflicting evidence and testimony and to judge the credibility of the witnesses, "the trial court's

findings of fact will be liberally construed in favor of the judgment entered." *Id.*

■ When questions of law are presented, this Court exercises free review and is not bound by findings of the district court but is free to draw its own conclusions from the evidence presented. *See Regjovich v. First Western Investments, Inc.*, 134 Idaho 154, 997 P.2d 615 (2000) (citing *Mutual of Enumclaw v. Box*, 127 Idaho 851, 852, 908 P.2d 153, 154 (1995)).

## III.

### THE DISTRICT COURT DID NOT ERR WHEN IT ALLOWED THE OFFSET OF NOTE A DATED MAY 2, 1990, AGAINST NOTE B DATED APRIL 18, 1997, EVEN THOUGH THE OBLIGATION DID NOT ARISE FROM THE SAME TRANSACTION.

■ Beard maintains that the district court erred by allowing an offset because the two notes did not arise out of the same transaction. The two notes are three years apart and do not relate to each other in any way. He also argues that it is inequitable to allow the offset on the basis that George purchased Note A at virtually the same time as Beard's complaint was filed in order to use it as an offset. George purchased Note A from Gem State for $600 and claimed an offset for the balance of $24,771.54 due on Note A.

In *Kelson v. Ahlborn*, 87 Idaho 519, 528, 393 P.2d 578, 583 (1964), the Court made the following statement:

Our prior decisions hold that a counterclaim, *arising out of the transaction which is the foundation of plaintiff's claim ...* may be pleaded defensively though affirmative relief thereon be barred ... and though it is pleaded affirmatively and affirmative relief is sought.

*Kelson*, 87 Idaho at 528, 393 P.2d at 583 (citations omitted) (emphasis added). Beard asserts that the language in *Kelson* requires that in order to allow a setoff the two notes must arise from a common transaction. In determining that George was entitled to a right of setoff, the district court judge stated:

[Beard] argues a setoff is not appropriate unless it arises out of the "same transaction." This conclusion may be inferred from some opinions. However, this Court understands the Idaho Statute of Limitation to be a statute of repose which bars the remedy to collect the debt, but does not extinguish the debt itself.

It is therefore the decision of this Court that the November 2nd, 1990, note from Beard to Gem State Realty and thereafter assigned to the defendant George shall be offset against the April 18th, 1997 note

. . . .

The district court's opinion relied upon three Idaho cases. *See Kelson,* 87 Idaho at 521, 393 P.2d at 580; *Hartwell Corp. v. Smith,* 107 Idaho 134, 686 P.2d 79 (Ct.App.1984); and *Smith v. Idaho State Univ. Fed. Credit Union,* 114 Idaho 680, 760 P.2d 19 (1988).

In *Kelson,* the Court was confronted with an agreement in which the defendant was to perform logging operations for the plaintiff. The defendant was without financing for the operation, so the plaintiff advanced the defendant the money in exchange for his services. *Kelson,* 87 Idaho at 525, 393 P.2d at 584. The advanced money exceeded the value of defendant's services, and plaintiff brought suit to recover the difference. The defendant made four counterclaims based on plaintiff's alleged failure to comply with the agreement. The trial court struck the defendant's counterclaims on the ground that they were barred by the statute of limitations and were unavailable for the defendant to assert as a counterclaim or offset. This Court reversed the trial court and held that "the striking of the defendant's counterclaims was erroneous" and that the Court's rationale in previous decisions relating to counterclaims requires that the cross demands asserted by the defendant may be pleaded defensively. *Id.* at 528, 393 P.2d at 583.

In *Smith v. Idaho State University Federal Credit Union,* this Court determined that a bank was proper in setting off certain notes of deposit against the amounts owing on a loan of the claimants. 114 Idaho at 683, 760 P.2d at 22. The Court determined that although the bank's right to affirmatively collect on the loans was barred by the statute of limitations, the bank still retained the right to setoff the amount owing on certain notes from the amount unpaid on the loan. *Id.* The notes and the loans arose under different transactions. *But see Hartwell,* 107 Idaho 134, 686 P.2d 79 (1984).

*Smith* cited to *Hirning v. Webb,* 91 Idaho 229, 419 P.2d 671 (1966), in which the appellant had been granted a loan from her late father which she argued should be deemed a gift not an advancement or a setoff against her inheritance and, further, that if it was a loan the statute of limitations barred the administrator from treating it as a right of setoff. This Court held that the administrator could properly charge the loan amount against appellant's share of the estate. *Id.* at 232, 419 P.2d at 674.

As this Court has interpreted and applied *Kelson,* the rule regarding setoffs is that equity allows a defendant to assert a setoff even when the statute of limitations would bar an affirmative claim. The "arising out of the same transaction" language has not been an essential element to the equitable principle allowing individuals to setoff amounts owed to them by the same person who is attempting to collect from them.

## IV.

## THE DISTRICT COURT DID NOT ERR WHEN IT RULED THAT THERE WAS NOT AN ACCORD AND SATISFACTION.

Beard maintains that the district court erred by determining Beard's payment on Note A was not an accord and satisfaction. Beard asserts that George represented to Beard that as an officer of Gem State she had authority to represent Gem State (the holder of Note A at the time of this agreement) and that George agreed that the amount on Note A would be satisfied upon Beard paying $5,000 in cash and allowing George to charge items at his service station.

The district court rejected Beard's argument and held that "[t]here is no written indication that this loan was in full discharge of the 1990 note." The district court found there was not a preponderance of the evi-

dence to support the assertion that the loan was "intended by both parties to act as a full discharge" of Note A. However, the district court granted Beard a setoff in the amount of $5,000 for the note.

An "[a]ccord and satisfaction applies only if the parties knowingly and intentionally accept new obligations or a different contractual relationship." *Hoglan v. First Security Bank of Idaho, N.A.,* 120 Idaho 682, 819 P.2d 100 (1991) (citing *Harris v. Wildcat Corp.,* 97 Idaho 884, 556 P.2d 67 (1976)). The elements of an accord and satisfaction are:

> (1) a bona fide dispute as to the amount owed; (2) that the debtor tendered an amount to the creditor with the intent that such payment would be in total satisfaction of the debt owed to the creditor; and (3) that the creditor agreed to accept payment in full satisfaction of the debt, or that both the debtor and the creditor understood that the acceptance of the check was in full payment of all sums owed by the debtor.

*Perkins v. Highland Enterprises, Inc.,* 120 Idaho 511, 817 P.2d 177 (1991) (citing *Fairchild v. Mathews,* 91 Idaho 1, 415 P.2d 43 (1966)). Accord and satisfaction is an affirmative defense. *See Bryan & Co. v. Kieckbusch,* 94 Idaho 116, 482 P.2d 91 (1971). Therefore, the burden was upon Beard to prove all the elements of an accord and satisfaction. *See Clay v. Rossi,* 62 Idaho 140, 108 P.2d 506 (1940). Since an accord and satisfaction is basically the substitution of one contract for another, the debtor must prove that the creditor "definitely assented" to the new arrangement. *Nelson v. Armstrong,* 99 Idaho 422, 582 P.2d 1100 (1978).

In this case, there is substantial and competent evidence in the record to support the district court's determination that Beard's personal loan was not intended by both parties as full satisfaction for Note A. There is evidence that the loan was repaid as to a portion of Note A, but not for the entirety of the note.

1. The district court opinion refers to Note A as being issued on November 2, 1990. However,

## V.

## THE DISTRICT COURT DID NOT ERR WHEN IT ALLOWED THE INTRODUCTION OF DEFENDANT'S EXHIBIT M.

Beard claims the district court erred by admitting defendant's Exhibit M and George's testimony regarding the exhibit. Exhibit M is the assignment of Note A from Gem State to George. The exhibit refers to a note dated May 2, 1992. However, Note A was assigned in May of 1990.[1] George offered testimony to clarify that the date in the assignment was wrong and should have been May of 1990.

Beard asserts that George's testimony is inadmissible parol evidence offered to alter a material term of an integrated contract. George argues the testimony is admissible evidence offered to clarify a mistake in the dates of the assignment. The parol evidence rule does not apply to various averments, including mutual mistake. *Tusch Enterprises v. Coffin,* 113 Idaho 37, 45 n. 5, 740 P.2d 1022, 1030 n. 5 (1987); *see also Moore v. Mullen,* 123 Idaho 985, 987, 855 P.2d 70, 72 (Ct.App.1993). In this case, the date on the assignment was a typographical mistake which neither party apparently noticed at the time the assignment was executed. The district court properly allowed testimony to clarify the fact that the date was a mistake, not a reference to a different note.

Beard also argues that both Exhibit M and George's testimony were inadmissible pursuant to I.R.E. 403, which excludes relevant evidence if it is unfairly prejudicial. *See* I.R.E. 403. Beard claims that because the testimony was self-serving it was unfairly prejudicial and, therefore, should have been excluded. A ruling under I.R.E. 403 requires the trial court to balance the probative value of the evidence against the prejudicial nature of the evidence. *See* I.R.E. 403. The decision whether to admit the evidence is a matter of discretion for the district court. *See Davis v. Sun Valley Ski*

Note A was issued on May 2, 1990.

*Education Foundation, Inc.,* 130 Idaho 400, 941 P.2d 1301 (1997) (citing *State v. Raudebaugh,* 124 Idaho 758, 765, 864 P.2d 596, 603 (1993)). The district court perceived the decision to admit Exhibit M as one of discretion and acted within the outer boundaries of its discretion. The district court's decision was consistent with the legal choices available to it, and reached its decision by an exercise of reason. *See Sun Valley Shopping Ctr. v. Idaho Power,* 119 Idaho 87, 94, 803 P.2d 993, 1000 (1991). The district court did not abuse its discretion in admitting Exhibit M.

## VI.

### THE DISTRICT COURT DID NOT ERR BY FAILING TO APPLY THE DOCTRINE OF LACHES TO GEORGE'S CLAIM OF OFFSET.

■ Beard asserts that the district court erred by failing to apply the doctrine of laches to George's claimed offset, maintaining that George should be barred from claiming an offset because she failed to attempt to collect on Note A for six years and only now asserts her rights to prevent Beard from collecting on Note B. George claims that Beard waived his claim of laches because he failed to raise it to the district court and, even if not waived, Beard failed to prove the essential elements of laches. The district court judge did not address the applicability of laches.

Laches is an affirmative defense that must be pled. Rule 8(c) I.R.C.P. The defense was not pled in district court. The district court was not required to address the issue, and this Court will not address the merits of the issue.

## VII.

### GEORGE IS ENTITLED TO ATTORNEY FEES ON APPEAL.

■ George asserts a right to attorney fees and costs on appeal based on I.A.R. 40, I.A.R. 41, I.C. § 12–120(3), and I.C. § 12–121. George argues that I.C. § 12–120(3) applies because this case involves a promisso-ry note in connection with a commercial transaction; therefore, attorney fees should be awarded to George as the prevailing party pursuant to I.C. § 12–120(3), which states:

> (3) In any civil action to recover on [a] ... note ... the prevailing party shall be allowed a reasonable attorney fee to be set by the court, to be taxed and collected as costs.

This is an action to collect on the promissory note. As the prevailing party, George is entitled to attorney fees on appeal pursuant to I.C. § 12–120(3).

## VIII.

### CONCLUSION

The decision of the district court is affirmed. George is awarded costs and attorney fees on appeal.

Chief Justice TROUT, Justices WALTERS, KIDWELL, and EISMANN concur.