173 P.3d 1138

Christa Ann HORKLEY, Plaintiff–
Respondent,

v.

James H. HORKLEY, individually and Jo-
seph H. Horkley and Dorothy M. Hork-
ley, husband and wife; Zions First Na-
tional Bank, Defendants–Appellants.

No. 32885.

Supreme Court of Idaho,
Idaho Falls, October 2007 Term.

Dec. 5, 2007.

Swafford Law Office, Charted, for appel-
lant. Ronald L. Swafford argued.

Anderson, Nelson, Hall, Smith, P.A. for
respondent. Brian T. Tucker argued.

W. JONES, Justice.

On July 12, 1995, James Horkley signed a
$150,000.00 promissory note to his former
wife Christa Horkley and secured that note
with a deed of trust. The note required Mr.
Horkley to make a $15,000.00 payment on

December 1 of each year, with 0% interest for on-time payments and 10% interest per annum for late payments. On October 3, 2003, Ms. Horkley filed a complaint against Mr. Horkley, alleging breach of contract and foreclosure of the deed of trust. She sought $310,694.04 compensation for interest and principal on the note, plus $85.09 per diem interest after June 1, 2003.

Mr. Horkley defended in part on the basis that the statute of limitations prevented Ms. Horkley from recovering under any cause of action for payments due on or before December 1, 2000. In addition, Mr. Horkley asserted, among other things, that $167,324.50 of the debt was offset by certain financial benefits that he conferred upon Ms. Horkley. Among these financial benefits were a 1999 pickup for which the district court allowed Mr. Horkley a credit of $21,926 which Ms. Horkley received as a trade-in on a newer truck, and $15,000.00 for a payment Mr. Horkley made on May 23.2001.

The case proceeded to trial on November 8, 2005. On December 22, 2005, the district court entered a memorandum decision, findings of fact and conclusions of law, wherein the court found Mr. Horkley in default on the note; that the 1999 pickup served as a setoff on the loan; that Mr. Horkley was entitled to $15,000.00 credit on the note for his May 23, 2001 payment; and that Ms. Horkley was due attorney's fees pursuant to the note's terms. The district court ordered Mr. Horkley to pay $264,306.87, and denied Mr. Horkley's motion for reconsideration as to whether the statute of limitations barred recovery on certain installments on the note. Mr. Horkley appeals to this Court.

This case involves both questions of law and questions of fact, because the parties dispute the factual question of whether a payment was made before May 23, 2001. All other issues are questions of law.

■ "The time when a cause of action accrues may be a question of law or a question of fact, depending upon whether any disputed issues of material fact exist. Where there is no dispute over any issue of material fact regarding when the cause of action accrues, the question is one of law for determination by the court. On the other hand, where there is conflicting evidence as to when the cause of action accrued, the issue is one of fact for the trier of fact...." *Kimbrough v. Reed*, 130 Idaho 512, 516, 943 P.2d 1232, 1236 (1997) (internal quotations omitted).

■ "When questions of law are presented, this Court exercises free review and is not bound by findings of the district court but is free to draw its own conclusions from the evidence presented." *Chapin v. Linden*, 144 Idaho 393, 396, 162 P.3d 772, 775 (2007).

■ "A trial judge's findings of fact in a court-tried case will be liberally construed on appeal in favor of the judgment entered, in view of the trial judge's role as trier of fact." *Reding v. Reding*, 141 Idaho 369, 372, 109 P.3d 1111, 1114 (2005).

■ The statute of limitations for an action on a written contract is five years. I.C. § 5–216. This Court has held that "[w]here money is payable in installments, the statute of limitations begins to run against a cause of action for the recovery of a delinquent installment as of the time it becomes due." *H.M. Chase Corp. v. Idaho Potato Processors, Inc.*, 96 Idaho 398, 402, 529 P.2d 1270, 1274 (1974). None of the parties disputes that the note was to be paid in installments, and in fact the note itself refers to the payments as "installments." The parties further agree that Mr. Horkley failed to pay the required yearly $15,000.00 from 1995–1998 and that Mr. Horkley made a $15,000.00 payment on May 23, 2001. However, they dispute whether any payments were made between 1998 and 2001.

Under the terms of the note, if Mr. Horkley made a payment, the payment was to "be applied first, to the payment of accrued interest, and second, to the payment of remaining principal." Idaho Code § 5–238 states that "any payment of principal or interest is equivalent to a new promise in writing, duly signed, to pay the residue of the debt." Black's Law Dictionary (8th ed.2004) defines "residue" as "[s]omething that is left over after a part is removed or disposed of; a remainder." Finally, this Court has held that "the Idaho Statute of Limitation ... bars the remedy to collect the debt, but does not extinguish the debt itself." *Beard v. George*, 135 Idaho 685, 688, 23 P.3d 147, 150 (2001).

Again, the parties agree that Mr. Horkley made a $15,000.00 payment on May 23, 2001. Although the issue is framed as whether the payment was an installment payment or a payment of interest on the debt, the resolution of this issue is immaterial since either payment would restart the statute of limitations on all installments. As a point of fact, though, the payment was applied to the interest of the debt, as the note clearly indicates that payments are to be applied first to the debt's interest. Therefore, the $15,000.00 payment was to be applied toward the interest due on the debt. Because that payment was to be applied toward the interest on the debt, I.C. § 5–238 served to restart the statute of limitations on all installments on the note. Each installment, under Idaho caselaw, was a living debt that, at most, was merely rendered unenforceable by the statute of limitations. Idaho Code § 5–238 eliminated the purported effect of the statute of limitations, rendering each installment fully-enforceable. So, even if the statute of limitations had run on every installment on which Mr. Horkley claims it has run, the payment of interest or principal under I.C. § 5–238 on May 23, 2001 served to restart the statute on all of the installments.

■ In the district court's memorandum decision, findings of fact and conclusions of law, the court found that Mr. Horkley was entitled to "an offset for the trade-in-allowance provided against the 1999 pickup titled in plaintiff's name; to wit: $21,926.00 as of February 1, 1999." It is inconsequential whether this offset would restart the statute of limitations under I.C. § 5–238 because the May 23, 2001 payment restarted it anyway. Regardless, there is no meaningful distinction between a payment effected monetarily and one effected by applying an offset from an item with an ascertainable value. As explained above, the note's terms require that this setoff apply to the interest of the debt, again triggering I.C. § 5–238. The setoff therefore was equivalent to a new promise in writing, duly signed, to pay the residue of the debt, which means that the statute of limitations restarted as of February 1, 1999. Since the statute of limitations restarted as of that date or May 23, 2001, the filing of the action was timely as to all installments in either event.

Mr. Horkley contends that I.C. § 5–238 does not apply to installment contracts. In support of this contention, he cites a Minnesota case and American Jurisprudence. Both sources state that the tender of an installment payment when due does not restart the statute of limitations on prior unpaid installments, as each installment constitutes a separate cause of action. This general rule, though, is irrelevant to the present facts since Idaho has a specific statute, I.C. § 5–238, clearly stating any payment on principal or interest restarts the statute of limitations on the residue of the debt, which would include all installments. It is really irrelevant whether the set-off or the $15,000 payment was an installment or interest payment because either would restart the statute of limitations. It is clear here, however, that the note provided that any payments would be applied first to interest.

■ Having addressed and dismissed Mr. Horkley's arguments, we finally turn to the issue of attorney's fees. The terms of the aforementioned note state that "[i]n the event legal action or the employment of an attorney is required to enforce payment of this note, [Mr. Horkley] agrees to pay such additional sums as attorney's fees and/or court costs, and expenses with or without suit." Mr. Horkley has failed to file a reply brief, and therefore failed to respond to Ms. Horkley's claim for attorney's fees. Moreover, the language of the note is clear and its terms apply to the present facts: legal action or the employment of an attorney was required to enforce the payment of the note, and therefore Mr. Horkley is bound to pay such fees and costs.

For the foregoing reasons, the district court's rulings are affirmed. Costs and attorney's fees on appeal are awarded to Ms. Horkley.

Chief Justice EISMANN, Justices BURDICK, J. JONES and HORTON concur.